FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 06 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DJAVANSHIR D.GADJIEV,     :
                 :
       Plaintiff,     : CIVIL FILE
                 :
vs.                  : ACTION NO._____ **1:12-CV-2700**
                 :                     **JEC**
ATLANTA INDEPENDENT     :
SCHOOL SYSTEM, STEPHANIE A. :
BAILEY, in her individual capacity   :
and THOMAS W. GLANTON, in his :
individual capacity,          :
                 :
       Defendants.     :
                 :
_____ :

## COMPLAINT FOR DAMAGES

### I.

### INTRODUCTION

This is a civil rights action brought by Plaintiff Djavanshir D. Gadjiev under

the First Amendment to the United States Constitution, the Americans with

Disabilities Act of 1990(ADA), 42 U.S.C. § 12203, Section 504 of the Rehabilitation

Act of 1973, 29 U.S.C. § 794a(a)(2), and the Georgia Whistleblower Act, O.C.G.A.

§ 45-1-4, seeking reinstatement of his employment as a math teacher, and damages

against Defendants Atlanta Independent School System, Stephanie A. Bailey and Thomas W. Glanton,  for retaliation against  him for lawfully exercising his constitutional and statutory rights.

The Defendant Atlanta Independent School System  hired Plaintiff for the 2007-2008 school years  through the 2010-2011 school years  to teach Mathematics to high school students. As a teacher at  Frederick Douglass High School during the beginning of the 2010-2011 school year,  Plaintiff  complained  to his supervisors, Defendants Stephanie Bailey and Thomas W. Glanton, and higher Atlanta Public School System officials that his classes were overcrowded; the school failed to provide students with disabilities a free appropriate public education, school administrators failed to provide his students with textbooks and other materials; school  administrators failed to properly and timely administer discipline to students with significant behaviors problems  in his classes, and school administrators failed to provide him with support and assistance in managing his classroom.

Defendants Bailey and Glanton retaliated against Plaintiff Gadjiev concerning these  complaints by engaging  in a continuous pattern of adverse employment actions, including but not limited to,  negative evaluation performances, failure to promote and transfer him from his class,  failure to provide him assistance with

2

student problems in his classes, asking him to change student grades, and asking him to refrain from disciplining certain students. Defendants Bailey and Glanton sought Plaintiff's removal of his employment that resulted in his dismissal in May 2011.

The Plaintiff seeks reinstatement of his employment as a teacher with the Atlanta Independent School System and recovery of back pay, front pay, pension and fringe benefits, and other aspects of his employment benefits restored as well as compensatory damages, attorney's fees, costs of this action, and other relief that are appropriate.

## II.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(3),(4). The Plaintiff's claim for retaliation is authorized under the First Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiff claim for retaliation is also authorized Section 107(a) of the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. § 12117(a), 42 U.S.C. § 12203, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(2).

2.

The venue is in the Northern District of Georgia, Atlanta Division, is proper pursuant to 28 U.S.C. § 1391(b) and LR 3.1B.(1)(a) & (b)(3) because Plaintiff and all Defendants reside and/or conduct business in this district and each of the claims for relief arose in this district.

3.

This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over state claims that are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Judicial economy, convenience and fairness, and the avoidance of unnecessary duplication and multiplicity of actions supports this Court's jurisdiction over those claims that are based, in part, upon Georgia law, as supplemental to this Court's jurisdiction over the federal statutory claims.

## III.

## PARTIES

## PLAINTIFF

4.

Plaintiff Djavanshir D.Gadjiev (hereinafter referred to as "Gadjiev") is an

4

United States citizen and resident of Atlanta, Fulton County, Georgia.  He was a

math teacher employed by Defendant Atlanta Independent School System for the

2007-2008 through the 2010-2011 school years.

## DEFENDANTS

5.

The Defendant Atlanta Independent School System (hereinafter "Atlanta Public

Schools" or "APS") is a public corporate body as well as a political subdivision

operating in the City of Atlanta, Georgia under the management and control of the

Atlanta Board of Education.  The  Defendant APS  has the capacity under Georgia

law to be sued.

6.

The Defendant Stephanie A. Bailey (hereinafter "Bailey") is the Academy

Leader for the Center of Hospitality, Tourism, and Marketing at Frederick Douglass

High School  of the Atlanta Independent School System.  At all times pertinent to

this action, she acted as an  instructional leader and  supervised and monitored

instruction at Douglass High School.  She also had oversight responsibilities for

disciplinary problems with students, responsibility for teacher's instruction, and

student attendance.  She  was  directly responsible  for teacher instruction and

supervision of Plaintiff Gadjiev  during his period of employment at Douglass High

School  for the 2010-2011 school year.  Defendant Bailey is sued in her individual

capacity.

7.

The Defendant Thomas W. Glanton (hereinafter "Glanton") was the Principal

of Frederick  Douglass County  High  School of the  Atlanta  Independent  School

System at all times pertinent to this action.  The Defendant Glanton was responsible

for the administration and implementation of all applicable  federal, state, and local

laws, rules, policies, and procedures, including local school rules and policy in his

capacity as Principal of Frederick Douglass High School.  He was the final decision

maker in  the  non-renewal of Plaintiff's employment  with the  Defendant Atlanta

Public Schools.  Defendant Glanton is sued in his individual capacity.

**V.**

**FACTUAL ALLEGATIONS**

**Plaintiff's  Educational Qualifications and Teaching Background**

8.

Plaintiff,  Dr.  Djavanshir  D.Gadjiev,  graduated  from  the  University  of

Tennessee,  Knoxville, Mathematics Department, with the  corresponding Master of

6

Science degree in Mathematics.  He has a  Ph. Degree  in Mathematics  from the University of Moscow, Russia,  and he has more than ten years college and high school Mathematics teaching experience in the United States.

9.

Plaintiff Gadjiev currently has a  renewable Georgia teaching certificate Level 7 Field 743 in mathematics with an expiration date of June 30, 2014.

10.

From 2004-2005  through 2006-2007 school years,  Plaintiff Gadjiev was employed as a math teacher in the Tennessee  Public School System.

11.

In July 2007, Plaintiff Gadjiev moved to Atlanta, Georgia to be closer  to his son, who was an accountant at Deloitte.

12.

For the 2007-2008 school year, Plaintiff Gadjiev sought employment with Defendant Atlanta Public School as a math teacher.

13.

For the 2007-2008 school; year,  Defendant Atlanta Public Schools hired Plaintiff Gadjiev as an AP Calculus Teacher at  South Atlanta High School.  In this

capacity, Plaintiff Gadjiev was hired  as part of a  "math  initiative" to teach advanced placement calculus to 12th grade seniors at the South Atlanta Educational Complex of Atlanta, Georgia.

14.

Plaintiff Gadjiev taught AP Calculus Mathematics for the 2007-2008 and 2008-2009 school years in the Atlanta Public Schools.  During these school years, Plaintiff also attended  workshops and conferences as an AP calculus-certified teacher in Mathematics  at the Southern State University in Georgia.  He was also  recognized by the APS  for his teaching success and he was awarded a certificate of special recognition for teaching and learning skills.

15.

For the 2008-2009 school year, Plaintiff Gadjiev received a Certificate of Recognition from APS  for Teaching and Learning.

15.

For the 2009-2010 school year, Plaintiff Gadjiev's employment evaluations were positive and the Atlanta Public Schools extended his employment as a math teacher  for 2010-2011 school year, which gave him tenure.

16.

On September, 27, 2010, Dr. Beverly Hall, Superintendent of the Atlanta Public Schools, congratulated Plaintiff Gadjiev for obtaining tenure and thanked him for his service to the school system.

Plaintiff's Teaching Experience at Frederick Douglass High School

17.

During the 2009-2010 school year, all public school courses, programs, services, and activities at South Atlanta High School were discontinued. Consequently, Plaintiff Gadjiev was transferred to teach math at Frederick Douglass High School in the Atlanta Public Schools.

18.

For the school years 2008-2009 through 2010-2011, Frederick Douglass High School, as a Title I school, did not make "Adequate Yearly Progress" (AYP) as defined by the No Child Left Behind Act of 2001, 20 U.S.C. § 6311(b)(2)(C). When a Title I school, such as Frederick Douglas High School, consistently fails to make AYP, a child can transfer to a better school, including a charter school, or receive educational services, including private tutoring and other remedial services. 20 U.S.C. § 6316(b)(1)(E).

9

19.

As a Title I  school failing to make AYP, Defendant Atlanta Independent School System is required to provide transportation for a child transferring from Frederick Douglass High School to a new school. 20 U.S.C. § 6316(b)(9).

20.

For the school years 2008-2009 through 2010-2011, students at Frederick Douglass High School did not make AYP in mathematics.  Plaintiff Gadjiev was ostensibly transferred to Frederick Douglas High School in an attempt to improve student  achievement in mathematics  and  for the school  to make AYP in this subject.

21.

Upon information and belief, students from Frederick Douglass High School received private tutoring, supplemental educational services,  and some  transferred to a new school  under the provisions of the No Child Left Behind Act for the school years 2008-2009 through 2010-2011.

22.

For the school years 2008-2009 through 2010-2011, the percentile of student attendance at Frederick Douglass High School fell below the percentile of overall

student attendance for the Defendant Atlanta Independent School System.

23.

There were substantial student discipline and behavioral problems at Frederick Douglass High School for school years 2008-2009 through 2010-2011. For example, in 2009, 12.2 % of all students without disabilities enrolled at Frederick Douglass High School received more than one out-of-school suspension. In 2009, 16.7% of all students with disabilities enrolled at Frederick Douglass High School received more than one out-of-school suspension.

24.

The student enrollment at Frederick Douglass High School for school years 2008-2009 through 2010-2011 was approximately 99% African-American.

25.

After Plaintiff Gadjiev was transferred to Frederick Douglass High School for the 2010-2011 school year, he learned this school had students that performed poorly academically in mathematics; that regular education and students with disabilities had significant behavioral challenges and problems; that students in his class and in this school had poor attendance and were late to classes; and that all of these problems were of particular concern to him and that higher APS officials

11

should know about these concerns.

26.

At Frederick Douglass High School, Plaintiff Gadjiev was initially assigned to teach Math 2 classes at the Center of Engineering and Applied Technology.

27.

For the 2009-2010 and 2010-2011 school years, three different principals were assigned to Frederick Douglass High School. Defendant Glanton only served as Principal at Frederick Douglass High School for the 2010-2011 school year.

28.

For the 2010-2011 school year, Plaintiff Gadjiev was transferred from the Center of Engineering and Applied Technology to the Center for Hospitality, Tourism, and Marketing at Frederick Douglass County School, where he was supervised by Academy Leader Defendant Bailey.

29.

During the first semester of the 2010-2011 school year, Plaintiff Gadjiev was assigned to teach Math 2 and Math 2 support classes with a total of sixty-seven (67) and seventy-five (75) students, respectively. These class sizes violated Georgia law, and Georgia Department of Education regulations, rules and policies.

12

30.

Many of the students in Plaintiff Gadjiev's math classes had significant behavioral problems, and a number of his students received special education instruction, services, and programming under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.SC. §§ 1401 *et seq.*

31.

To simultaneous teach in both math classes, Plaintiff Gadjiev had to rotate between two adjacent rooms, which left one class or another unsupervised. Plaintiff Gadjiev complained about this problem to Defendant Bailey, who responded to him that he should just " Do your best."

32.

During the first semester of the 2010-2011 school year, Plaintiff Gadjiev was transferred to a classroom without a Promethean Board, printer, and other essential teaching tools. These teaching tools were essential to sustain and support an effective learning climate in the classroom setting. Plaintiff Gadjiev requested that his classroom be changed to smaller room with a Promethean Board, but this request was denied.

33.

On September 1, 2010, Plaintiff Gadjiev contacted Ms. Cheryl Jenkins, an "instructional coach" for assistance, but she only visited his classroom for a few minutes and did not provide assistance to him to address his concern about his overcapacity classes.

34.

On September 7, 2010, Plaintiff Gadjiev informed Defendant Bailey that he had a total of 68 students for his 2nd block B-day and 72 students for 3rd block B-day.

35.

From August 9, 2010 until September 10, 2010, Plaintiff Gadjiev taught in classes that were significantly at overcapacity. Subsequently, Plaintiff Gadjiev's class size was adjusted to a maximum of thirty-two (32) students in a single classroom setting.

36.

During the 2010-2011 school year, Plaintiff Gadjiev encountered significant student behavior problems in his classrooms. These behaviors included, but were not limited to, aggressive physical behavior toward Gadjiev and his co-teacher in his

classroom;   cursing and threatening physical violence toward  Gadjiev and his co-teacher, and physical assault and battery toward Gadjiev.

37.

Plaintiff Gadkiev was  physically assaulted  several  times  by students.   One incident involved Gadjiev being physically attacked by a student  so severely in the chest that he required emergency room treatment.

38.

Plaintiff Gadjiev  repeatedly  reported  these severe behavioral problems in his classrooms to Frederick Douglass High School  administrators, including Defendants Bailey and Glanton,  but his pleas for assistance were ignored  by them.

39.

Many of Plaintiff Gadjiev's students were low-income and did not attend his class with  pencils, writing  materials, books, and other necessities for a  proper learning environment.  Defendants Bailey and Glanton did not timely provide him with adequate school supplies and materials for his students.

**Plaintiff's Statements of Public Concern about Frederick Douglass High School**

40.

At the beginning of the 2010-2011 school year, Plaintiff Gadjiev contacted Randolph Byum, Associate Superintendent of High Schools of the High Schools of Atlanta Public Schools, and Dr. Dottie Whitlow, Chair of the Math Department of the Atlanta Public Schools, regarding his excessive class size; the failure of school administrators at Frederick Douglass High School to provide students with disabilities in his classes with a free appropriate public education; the failure of school administrators at Frederick Douglass High School to properly and timely discipline students in his classes, hallways and other places at school; and the failure of school administrators at Frederick Douglass High School to address student cell phone usage in his class and at the school.

41.

On September 7, 13, 18, 20, and 21, 2010, Plaintiff Gadjiev sent e-mails to Defendant Bailey and copied Defendant Glanton regarding his teaching assignment in significantly overpopulated classes. Gadjiev informed school administrators that his overpopulated classes were a violation of Atlanta Public Schools Board of Education rules, regulations and policies as well as a violation of Georgia law.

16

42.

Plaintiff Gadjiev complained to Defendants Bailey and Glanton that his class size and the student to teacher ratios for students with special needs constituted a violation of GA. COMP. R. & REGS. 160-5-1-.08.

43.

On September 13, 2010, Plaintiff Gadjiev sent an e-mail to Dr. Dottie Whitlow, Chair of the Mathematics Department of Defendant Atlanta Public /Schools complaining of his teaching assignment in significantly overpopulated classes.

44.

On September 20, 2010, Plaintiff Gadjiev wrote a letter to Defendant Bailey and copied Defendant Glanton, and Randolph Bynum, Associate Superintendent of High Schools for APS, complaining, in pertinent part, that students with disabilities in his classes are not receiving free appropriate public education as required under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. 1401 *et seq;* that his classes at Douglass High School were significantly overpopulated; that he lacked proper equipment and material for his classes; that school administrators at Douglass County High School failed to provide a certified teacher for his class;

and that  school administrators at Douglass County High School  failed and refused to discipline a student that physically and verbally assaulted him.

45.

On December 8, 2010, Plaintiff Gadjiev sent an e-mail to Defendant Bailey complaining about the lack of special education classroom support and teaching assistance  for his students.

46.

On January 6, 2011, Plaintiff Gadjiev e-mailed Defendant Glanton complaining that a student assaulted him in class but no disciplinary action was taken against the student.

47.

On March 16, 2011,  Plaintiff Gadjiev sent an e-mail to Defendant Bailey about the  continuing disciplinary problems in his class, but Defendant Bailey failed to take any action to address this concern.

48.

On March 17, 2011, Plaintiff Gadjiev  sent an e-mail to Defendant Bailey with a copy to Defendant Glanton stating that some of  his students did not have Geometry

textbooks, but Defendants Bailey and Glanton failed to take any action to correct this problem.

49.

On March 12, April 12, and April 26, 2011, Plaintiff Gadjiev sent e-mails to Defendant Bailey complaining about students disciplinary problems in his class, but Defendant Bailey failed and refused to take any action to address or resolve this problem.

50.

On March 17, 2010, Plaintiff Gadjiev requested assistance from Defendant Bailey because he was assigned a group of students that were repeating Geometry for the second time, but she failed to take any action to address or resolve this problem.

51.

On May 5, 2011, a group of Plaintiff Gadjiev's students signed a petition stating that they failed the end-of-semester Geometry the test because they were not provided with calculators to complete test problems.

52.

On May 16, 2011, Plaintiff Gadjiev filed a Grievance against Defendant Glanton for his failure to respond to complaints concerning violation state laws and the Code of Ethics for Educators; his failure to address his complaints about class size; his failure to ensure that students with disabilities were provided appropriate instruction and services; his failure to administer discipline to students who violated the Student Code of Conduct; and his failure to ensure that textbooks and other necessary materials were provided for his students

53.

During the 2010-2011 school year, Plaintiff Gadjiev sent letters of grievances to Beverly Hall, Superintendent of APS, the Office of High Schools of APS, the Office of Internal Resolution of APS, and to Defendants Bailey and Glanton complaining of his excessive class size; the failure of school administration at Frederick Douglass High School to provide special needs students in his class with a free appropriate public education; the failure of school administrators at Frederick Douglass High School to properly and timely discipline students in his class and at the school; the failure of school administrators at Frederick Douglass High School s to address student cell phone usage in his class and at the school; and failure of

school administrators at Frederick Douglass High School to provide proper textbooks and materials for students in his class; but all of these complaints were mostly ignored.

54.

On September 16, 2011, Plaintiff Gadjiev filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant Atlanta Public Schools for unlawful discharge of employment, and discrimination based on his race, national origin, and age.

## Defendants' Acts of Retaliation Against Plaintiff

55.

Shortly after the beginning of the 2010-2011 school year and after Plaintiff Gadjiev began complaining to Defendants Bailey and Glanton, and other APS school officials about of his excessive class size; the failure of school administrators at Frederick Douglass High School to provide special needs students in his class with a free appropriate public education; the failure of school administrators at Frederick Douglass High School to properly and timely discipline students in his class and at the school; the failure of school administrators at Frederick Douglass High School to address student cell phone usage in his class and at the school; and failure of

21

school administrators at Frederick Douglass High School to provide proper textbooks and materials for students in his class,

56.

As a result of Plaintiff Gadjiev's complaints, Defendant Bailey told Gadjiev that she would not renew his employment contract with APS. Upon information and belief, Defendant Bailey began a pattern of retaliation against him with the explicit or tacit approval of Defendant Glanton, because Gadjiev had communicated his issues of public concern about Douglass High School to higher APS officials.

57.

On September 15, 2010, Plaintiff Gadjiev had a meeting with the Defendants Glanton and Bailey. At this meeting Defendant Bailey said we want to put you [Dr. Gadjiev] on the Professional Development Plan (PDP) since you need to improve classroom management skill. Plaintiff Gadjiev, however, refused to acknowledge or sign any documents that he should be placed on PDP.

58.

In the previous three school years with Atlanta Public Schools, Plaintiff Gadjiev had obtained positive observations and evaluation recommendations, and was never placed on a Professional Development Plan. In fact, it is was highly

22

unusual to place a  tenured teacher on a Professional Development Plan so early in the semester.

59.

Upon information and belief, Plaintiff Gadjiev's  placement on PDP   was based solely upon the  informal observations  of Defendant  Bailey who had  no educational background in mathematics and no teaching experience in mathematics.

60.

Defendant Bailey's recommendation for Plaintiff Gadjiev to be placed on PDP was basely mostly on her observations of his class that were related  to  discipline issues.

61.

Prior to Plaintiff Gadjiev's placement on PDP, he complained to Defendant Bailey and school administrators at Frederick Douglass High School that disciplinary issues were  proliferating in his class and at the school.  He stated that the five-stage discipline report system offered by the school was "clumsy and elongated" and did not produce a quick resolution for the current discipline issues.

62.

Prior to Plaintiff Gadjiev 's placement on PDP, he complained to Defendants Bailey and Glanton that were several abusive students in the school building that cursed or threatened teachers without any consequences.

63.

Prior to Plaintiff's placement on PDP, he complained to Defendants Bailey and Glanton that students were ignoring school rules that prohibited cell phone usage in the school building. Defendant Glanton responded that if you [Gadjiev] were in my place what do you do?" Plaintiff replied that he would have placed hall monitors to help the teachers with student cell phone and other electronic device's usage.

64.

Plaintiff Gadjiev complained to Defendants Bailey and Glanton that his Math 1 and Math 2 support classes contained approximately 14-16 students with disabilities for a total class size of about 28-32 students, and the students with disabilities were not receiving a free appropriate education in violation of federal special education laws, regulations, and Georgia Department of Education laws, regulations, and policies.

24

65.

During the 2010-2011 school year, Plaintiff Gadjiev requested that Defendant Glanton assign him to teach advance Mathematics courses in order to efficiently utilize his expertise in math. Defendant Glanton denied this request.

66.

In late August or early September 2010, Defendant Glanton hired Sudhakar Reddy Yelluwas, a foreign exchange physics teacher from India, who only had a temporary, provisional certificate in mathematics to teach AP math classes. Plaintiff Gadjiev complained to Defendant Glanton that Sudhakar Reddy Yelluwas may not be qualified to teach this class, but this complaint was ignored by Glanton.

67.

Upon information and belief, during the 2010-2011 school year, Defendant Bailey obtained Plaintiff Gadjiev's user id and password to change his attendance records to appear that his class size was corrected when, in fact, the class size was overpopulated in violation of state law and APS rules, regulations and policies.

68.

During the 2010-2011 school year, Defendant Bailey informed Plaintiff Gadjiev that it was the Atlanta Public Schools' policy that no black males could be

given out-of-school suspension. Therefore, Plaintiff Gadjiev could not ask Defendants Bailey and Blanton to impose out-of- school suspension for any black male students in his classes.

69.

During the 2010-2011 school year, Defendant Bailey demanded Plaintiff Gadjiev falsify student grades because he gave failing grades to approximately 20 students in his class that failed to attend his classes, failed a midterm exam, and failed an end of course test. The failing of students in Plaintiff Gadjiev's class, in a part, would likely result in Frederick Douglass High School continuing to be listed as a school in the APS that did not satisfy the requirements of AYP.

**Administrative Proceedings Resulting in the Non-Renew Plaintiff's Employment**

70.

On February 15, 2011, Defendant Glanton, as a final policymaker, recommended that Plaintiff Gadjiev not be retained for the 2011-2012 school year.

71.

On or about May 12, 2011, Dr. Beverly Hall, Superintendent of Atlanta Public Schools notified Plaintiff Gadjiev that his annual contract for the 2011-2011

school year was recommended for non-renewal. Plaintiff Gadjiev's termination of employment was effective on May 26, 2011.

72.

. Plaintiff Gadjiev appealed the non-renewal of his employment contract with Defendant Atlanta Public Schools.

73.

On August 25, 2011 and September 9, 2001, an APS tribunal convened for the purpose of hearing testimony and receiving evidence regarding Plaintiff Gadjiev's appeal of the non-renewal of his employment contract.

74.

On September 12, 2011, the tribunal issued Findings of Fact and Recommendations to uphold the non-renewal of Plaintiff Gadjiev's employment contract.

75.

On October 19, 2011, the Board of Education for Defendant Atlanta Public Schools voted to uphold the Tribunal's decision to non-renew Plaintiff Gadjiev 's employment contract as a teacher.

76.

On February 16, 2012, the Georgia Board of Education issued a decision affirming the decision of Defendant Atlanta Public Schools non-renewing Plaintiff Gadjiev's employment contract for the 2011-2012 school year.

**Municipal and Individual Liability for Defendants' Actions or Inactions**

77.

The Defendant Atlanta Independent School System had a duty toward Plaintiff Gadjiev to establish, implement and follow policies, procedures, customs, and practices which confirm and provide protection of rights guaranteed under the First Amendment of the United States Constitution, Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Georgia Whisteblower Act so as to use reasonable care to select, supervise, train and control review of all activities of its Principals, Assistant Principals, supervisors, employees, and representatives, and further to refrain from retaliating against teachers and other employees who engage in protected activities under federal constitutional and statutory laws as well as state laws.

78.

The Defendant Atlanta Independent School System  beached its duties and obligations to protect Plaintiff Gadjiev from retaliation for engaging in such protected activities such as complaining to his supervisors Defendants Bailey and Glanton as well other higher APS school officials and administrators that his classes were significantly overcrowded; that Frederick Douglass High School administrators failed to provide students with disabilities in his class  a free appropriate public education; that  Frederick Douglass High School administrators failed to provide his students with textbooks and other materials; that Frederick Douglass High School administrators failed to properly and timely administer discipline to students significant behavioral problems  in his classes, and that Frederick Douglass High School administrators failed to provide him with teacher support and assistance in managing his classroom.

79.

The Defendant Atlanta Independent School System  knew or should  have known that breaching its duties and obligations  would cause Plaintiff Gadjiev to be retaliated against by his supervisors Defendants Bailey and Glanton  and such

breaches occurred in contravention to the legal duties and obligations of Defendant Atlanta Independent School System.

80.

Defendants Bailey and Glanton acted with deliberate indifference to the rights and obligations to Plaintiff Gadjiev as to violate clearly established laws and regulations.

81.

The Defendant Atlanta Independent School System's actions or inactions were a moving force behind Defendants' Bailey and Glanton retaliation against Plaintiff Gadjiev for his protected activities that resulted in adverse employment action against him.

82.

The Defendant Atlanta Independent School System was deliberately indifferent in its failure to adequately train, supervise, discipline, and control Defendants Bailey and Glanton in the exercise of their duties and responsibilities as supervisors of Plaintiff Gadjiev, who was exercising protected activities.

83.

The Defendant Atlanta Public Schools was deliberately indifferent in its failure to investigate in a timely manner the complaints and grievances filed by Plaintiff Gadjiev against Defendants Bailey and Glanton.

84.

The Defendant Atlanta Public Schools was deliberately indifferent in its failure to adopt polices, procedures, and practices necessary to prevent Plaintiff Gadjiev from being retaliated against by Defendants Bailey and Glanton.

85.

The Defendant Atlanta Independent School System violated Plaintiff Gadjiev's rights under the First Amendment of the United States Constitution, Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Georgia Whisteblower Act by failing to train, supervise, discipline, and control Defendants Bailey and Glanton, who acted in bad faith and in deliberate indifference to the rights of Plaintiff Gadjiev to exercise protected activities.

86.

Defendant Glanton was the final policy maker in authorizing retaliation against Plaintiff Gadjiev for exercising his protected activities and rights under the

First Amendment of the United States Constitution, Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Georgia Whisteblower Act.

87.

Defendant Glanton possessed the final decision making authority over the terms and conditions of Plaintiff Gadjiev's employment as a teacher.

88.

Defendant Glanton possessed the final decision making authority as to all adverse employments actions against Plaintiff Gadjiev.

89.

The Defendant Atlanta Independent School System ratified and approved all actions, decisions, and recommendations made by Defendants Bailey and Glanton in regard to Plaintiff Gadjiev's adverse employment acts, including his termination of employment, by failing to properly and timely investigate the complaints and grievances filed and lodged by Plaintiff Gadjiev against Defendants Bailey and Glanton.

90.

Defendant Glanton knew or should have known that Defendant Bailey was engaging in unconstitutional and unlawful conduct and actions against Plaintiff

Gadjiev and that Defendant Glanton had authority to prevent such conduct and actions, yet failed to act.

91.

Defendant Glanton's failure to  prevent Defendant Bailey's unconstitutional and unlawful conduct and actions against Plaintiff Gadjiev were a moving force resulting in the violation of Gadjiev's protected activities.

92.

Defendant Glanton either acquiesced or was deliberately indifferent to Defendant Bailey's unconstitutional and unlawful actions and conduct.

93.

Defendant Glanton's action or inaction in failing to prevent Defendant Bailey's unconstitutional and unlawful conduct and actions against Plaintiff Gadjiev are affirmatively linked to the deprivation of Gadjiev's federally protected constitutional and statutory rights.

94.

At all times herein mentioned, the Defendants Bailey and Glanton were acting under color of state law, regulations, rules, and policies.

95.

At all times herein mentioned, Defendants Bailey and Glanton, acted malicious toward Plaintiff Gadjiev or with reckless indifference to his federal protected rights and in violation of clearly established laws.

## VI.

## CLAIMS FOR RELIEF

## COUNT I

## FIRST AMENDMENT TO  UNITED STATES CONSTITUTION

## RETALIATION CLAIM

96.

Plaintiff Gadjiev realleges paragraphs 1 through 95  as if fully set forth herein and further alleges:

97.

During the 2010-2011 school year, Plaintiff Gadjiev engaged in speech and petitioned  for grievances involving school-related matters at  Frederick Douglass High School to Defendants Bailey and Glanton, and higher APS school officials and administrators.

98.

Plaintiff Gadjiev's speech and petition for grievances, as a citizen, involved matters of pubic concern, including but not limited to, Gajiev's overpopulated class size; the failure of school administrators at Frederick Douglass High School to provide special needs students in his class with a free appropriate public education; the failure of school administrators at Frederick Douglass High School to properly and timely discipline students in his class and at the school; the failure of school administrators at Frederick Douglass High School s to address student cell phone usage in his class and at the school; the failure of school administrators at Frederick Douglass High School to provide textbooks and other materials for his students for his classes, and the failure of school administrators at Frederick Douglass High School to provide a certified teacher and assistance and support to Plaintiff Gadjiev in his classes.

99.

Plaintiff Gadjiev's interest in asserting his complaints, grievances, and petition for grievances regarding the aforementioned matters of public concern outweighed the interests of Defendants Atlanta Public Schools, Bailey and Glanton in efficient public service because Plaintiff Gadjiev's speech and petition for grievances

materially and substantially adversely affected the legal rights of his students with special needs to receive a free appropriate public education under federal laws and regulations as well as state laws and regulations, and the rights of regular education students in his class and in other classes to receive an appropriate education at Douglass High School.

100.

Plaintiff Gadjiev's speech and petition for grievances regarding the aforementioned matters of public concern played a substantial part in Defendants' retaliation that resulted in adverse employment actions or inactions that included his termination of employment.

101.

Defendant Atlanta Public School and Defendants Bailey and Glanton would not have made the same adverse employment actions or inactions in absence of Plaintiff Gadjiev's speech and petition for grievances concerning his protected activities.

102.

As a result of engaging and participating in the aforementioned protected activities, Defendants Atlanta Public Schools and Defendants Bailey and Glanton,

caused and were a moving force in  Plaintiff Gadjiev suffering from a variety of adverse employment actions including, but not limited to, his termination of employment and discharge; the refusal to promote and transfer him; being privately and publicly reprimanded; receiving adverse and negative employment evaluations; the failure to provide appropriate and timely intervention to prevent students from physically and verbally harming Gadjiev and then taking appropriate disciplinary action against such students; the failure to secure assistance to resolve and ameliorate significant behavioral problems in Gadjiev's classes; the failure to provide certified teachers for Gadjiev's classes;  changing Gadjiev's  teaching  responsibilities that were materially less suited to his education, skills and  expertise, and eliminating or substantially reducing Gadjiev's  opportunity for career advancement.

103.

As a result of Defendants violation of Plaintiff Gadjiev's rights under the First Amendment to the United States Constitution,  he has incurred  direct injuries and adverse employment actions, including termination of employment, monetary and compensatory damages for their unconstitutional and illegal conduct,  and also damages for pecuniary loss, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT II

## AMERICANS WITH DISABILITIES ACT

## RETALIATION CLAIM

104.

Plaintiff Gadjiev realleges paragraphs 1 through 95, and paragraphs 97 through 103  as if fully set forth herein and further alleges:

105.

Plaintiff Gadjiev engaged and participated in a protected activity or expression such as complaining to Defendants Bailey and Glanton and  higher APS school officials and administrators  that students with disabilities in his classes were  denied the right to receive a free appropriate  public education under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1401 *et seq.*, and its implementing regulations at 34 C.F.R. §§ 300.1 *et seq.*

106.

As a result of engaging and participating in the aforementioned  protected activity or expression pursuant to the Americans with Disabilities Act, 20 U.S.C.  § 12203,  Plaintiff Gadjiev suffered adverse employment action including, but not limited to, his termination of employment  and discharge; the refusal to promote and

transfer him from his classes; being privately and publicly reprimanded; receiving adverse and negative employment evaluations; the failure to provide appropriate and timely intervention to prevent students from physically and verbally harming Gadjiev and then taking appropriate disciplinary action against such students; the failure to secure assistance to resolve and ameliorate significant behavioral problems in Gadjiev's classes; the failure to provide certified teachers for his classes; changing Gadjiev's teaching responsibilities that were materially less suited to Gadjiev's education, skills and expertise, and eliminating or substantially reducing Gadjiev's opportunity for career advancement.

107.

The aforementioned retaliation and adverse employment actions or inactions by Defendant Atlanta Public Schools and Defendants Bailey and Glanton were directly related to Plaintiff Gadjiev's protected activities and expression as an advocate for students with disabilities in his classes.

108.

As a result of Defendants' violation of Plaintiff Gadjiev's rights under the Americans with Disabilities Act, 20 U.S.C. § 12203, he has incurred direct injuries and adverse employment actions, including employment termination, monetary and

compensatory damages for such unlawful and illegal conduct, damages for pecuniary loss, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT III

## SECTION 504 OF THE REHABILITATION ACT

## RETALIATION CLAIM

109.

Plaintiff Gadjiev realleges paragraphs 1 through 95, paragraphs 97 through 103, and paragraphs 105 through 108 as if fully set forth herein and further alleges:

110.

Plaintiff Gadjiev engaged and participated in a protected activity or expression pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(2), such as complaining to Defendants Bailey and Glanton and higher APS school officials that students with disabilities in his classes were being denied the right to receive a free appropriate public education under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1401 *et seq.*, and its implementing regulations at 34 C.F.R. §§ 300.1 *et seq.*

111.

As a result of engaging and participating in the aforementioned protected activity or expression pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a, Plaintiff Gadjiev suffered adverse employment action including, but not limited to, his termination of employment and discharge; the refusal to promote and transfer him from his classes; being privately and publicly reprimanded; receiving adverse and negative employment evaluations; the failure to provide appropriate and timely intervention to prevent students from physically and verbally harming Gadjiev and then taking appropriate disciplinary action against such students; the failure to secure assistance to resolve and ameliorate significant behavioral problems in Gadjiev's classes; the failure to provide certified teachers for Gadjiev's classes; changing Gadjiev's teaching responsibilities that were materially less suited to his education, skills and expertise, and eliminating or substantially reducing Gadjiev's opportunity for career advancement.

112.

The aforementioned retaliation and adverse employment actions by Defendant Atlanta Public Schools and Defendants Bailey and Glanton were directly related to

Plaintiff Gadjiev's protected activities and expression advocating for students with disabilities in his classes

113.

As a result of Defendants violation of Plaintiff Gadjiev's rights pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(2), he has incurred direct injuries and adverse employment actions, including termination of employment, monetary and compensatory damages for such unlawful and illegal conduct, damages for pecuniary loss, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**COUNT IV**

**GEORGIA WHISLEBLOWER STATUTE**

**RETALIATION CLAIM**

114.

Plaintiff Gadjiev realleges paragraphs 1 through 95, paragraphs 97 through 103, paragraphs 105 through 108, and paragraphs 110 through 113 as if fully set forth herein and further alleges:

115.

Section 45-1-4(d)(2) of the Georgia Code  provides, in pertinent part,  that "[n]o public employer shall retaliate against a public employee for disclosing a violation of or noncompliance with a law, rule, or regulation to either a supervisor or a government agency, unless the disclosure was made with knowledge that the disclosure was false or with reckless disregard for its truth or falsity." Section 45-1-4(a)(5) defines "Retaliate" or "retaliation" as the discharge, suspension, or demotion by a public employer of a public employee or any other adverse employment action taken by a public employer against a public employee in the terms of conditions of employment for disclosing a violation of or noncompliance with a law, or regulation to either a supervisor or government agency.

116.

Plaintiff Gadjiev engaged and participated in a protected activity or expression pursuant to the Georgia Whistleblower Act, O.C.G.A. § 45-1-4  such as complaining to Defendants Bailey and Glanton and  higher APS school officials  that students with disabilities in his classes were being denied the right to receive a free appropriate public education under the Individuals with Disabilities Education Improvement Act

of 2004, 20 U.S.C. §§ 1401 *et seq.*, and its implementing regulations at 34 C.F.R. §§
300.1 *et seq.*

117.

Plaintiff Gadjiev engaged and participated in other protected activities and
expression pursuant to the Georgia Whistleblower Act such as complaining and
petitioning for grievances against Defendants Bailey and Glanton, and to higher APS
officials and administrators about his overpopulated classes, particularly for students
with disabilities, which  is a violation of Georgia law and Georgia Department of
Education regulations, rules  and policies;  the failure of school administrators at
Frederick Douglass High School  to provide special needs students in his class with
a free appropriate public education; the failure of school administrators at Frederick
Douglass High School  to properly and timely discipline students in his class and at
the school; the failure of school administrators at Frederick Douglass High School s
to address student cell phone usage in his class and at the school; the failure of school
administrators at Frederick Douglass High School to provide textbooks and other
materials for his students for his classes;  and the failure of school administrators at
Frederick Douglass High School to provide a certified teacher and assistance and
support to Plaintiff Gadjiev in his classes.

118.

As a result of engaging and participating in the aforementioned protected activity or expression,   Plaintiff Gadjiev suffered adverse employment action including, but not limited to, his termination of employment and discharge; the refusal to promote and transfer Gadjiev from his classes; being privately and publicly reprimanded; receiving adverse and negative employment evaluations; the failure to provide appropriate and timely intervention to prevent students from physically and verbally harming Gadjiev and then taking appropriate disciplinary action against such students; the failure to secure assistance to resolve and ameliorate significant behavioral problems in Gadjiev's classes; the failure to provide certified teachers for Gadjiev's classes; changing Gadjiev's teaching responsibilities that were materially less suited to his education, skills and  expertise, and eliminating or substantially reducing Gadjiev's opportunity for career advancement.

119.

The aforementioned retaliation and adverse employment actions by Defendant Atlanta Public Schools and Defendants Bailey and Glanton was directly related to Plaintiff Gadjiev's protected activities and expression  advocating  for students with disabilities in his classes,  refusing to change students' grades, and refusing not to

discipline black male students pursuant to state law and school policies and procedures, and other matters alleged against Defendants Atlanta Public Schools, and Defendants Bailey and Glanton.

120.

As a result of Defendants violation of Plaintiff Gadjiev's rights pursuant to the Georgia Whistleblower Act, O.C.G.A.   O.C.G.A. § 45-1-4, he has incurred direct injuries and adverse employment actions, including termination of employment, monetary and compensatory damages for such unconstitutional and illegal conduct, damages for pecuniary loss, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## VII.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff Gadjiev respectfully prays that this Court awards the following relief:

1. Pursuant to Count One:

a. Reinstatement of Plaintiff to the same position held before the retaliation or to an equivalent position;

b.   Back pay, front pay, and fringe benefits in an amount to be determined at trial;

c.   Tenure and other employment rights from the date of termination;

d.   Compensatory damages as permitted under the First Amendment to the United States Constitution;

e. Damages for suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

f. Attorneys fees, prejudgment interest, and costs of this action;

g.  Punitive damages against Defendants Bailey and Glanton in an amount to be determined by the enlightened conscience of the jury;

h.  Trial by jury on all triable issues; and

i. Such other and  further relief as this Court deems just and proper.

2. Pursuant to Count Two:

a.   Reinstatement of Plaintiff to the same position held before the retaliation or to an equivalent position;

b.   Back pay  front pay, and fringe benefits in an amount to be determined at trial;

c.  Tenure and other employment rights from the date of termination;

d. Compensatory damages permitted under the Americans with Disabilities Act;

e. Damages for suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

f. Punitive damages against Defendants Bailey and Glanton for their malicious actions or reckless indifference to federal protected rights;

g. Attorneys fees, prejudgment interest, and costs of this action;

h. Trial by jury on all triable issues; and

i. Such other and further relief as this Court deems just and proper.

3. Pursuant to Count Three:

a. Reinstatement of Plaintiff to the same position held before the retaliation or to an equivalent position;

b. Back pay front pay, and fringe benefits in an amount to be determined at trial;

c. Tenure and other employment rights from the date of termination;

d. Compensatory damages permitted under the Section 504 of the Rehabilitation Act of 1973;

e. Damages for suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

f. Punitive damages against Defendants Bailey and Glanton for their malicious actions or reckless indifference to federal protected rights;

g. Attorneys fees, prejudgment interest, and costs of this action;

h. Trial by jury on all triable issues; and

i. Such other and further relief as this Court deems just and proper.

4. Pursuant to Count Four:

a. Reinstatement of Plaintiff to the same position held before the retaliation or to an equivalent position;

b. Back pay front pay, and fringe benefits in an amount to be determined at trial;

c. Tenure and other employment rights from the date of termination;

d. Compensatory damages permitted under the Georgia Whisteblower Act;

e. Damages for pecuniary loss, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

f. Attorneys fees, prejudgment interest, and costs of this action;

g. Trial by jury on all triable issues; and

h. Such other and further relief as this Court deems just and proper.

This _____ day of August, 2012

BY: _____

TORIN D. TOGUT
Georgia Bar No. 713950
Attorney for Plaintiff

140 Hanarry Drive
Lawrenceville, Georgia 30046
(678) 372-1829
(678) 407-2449 (FAX)
torin@togutlaw.com