IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA  DIVISION

DJAVANSHIR D.GADJIEV,       :
                             :
          Plaintiff,         :    CIVIL FILE
                             :
vs.                      :    ACTION NO.  1:12-CV-2700-JEC
                             :
ATLANTA INDEPENDENT     :
SCHOOL SYSTEM,  STEPHANIE A. :
BAILEY, in her individual capacity   :
and THOMAS W. GLANTON, in his  :
individual capacity,          :
                             :
          Defendants.     :
_____:

**PLAINTIFF'S MEMORANDUM IN
RESPONSE TO MOTION TO DISMISS,
OR MOTION FOR A MORE DEFINITE STATEMENT**

## I.  STATEMENT OF FACTS

At the beginning of the 2010-2011 school year, Plaintiff Djavanshir D. Gadjiev (hereinafter "Gadjiev"), who was a highly qualified high school math teacher for the Defendant Atlanta Independent School System, (hereinafter AISS), taught math classes at Frederick Douglass High School.  (Compl. at ¶¶18-24). Frederick  Douglass High School  was a low performing school in the district.  (Compl. at ¶¶8-15).

1

Gadjiev was assigned to teach Math 2 and Math 2 support classes with a total of sixty-seven (67) and seventy-five (75) students, respectively at Douglass High School. (Compl. at ¶29).

On September 7, 13, 18, 20, and 21, 2010, and at other times during the 2010-2011 school year, Gadjiev sent e-mails to Stephanie Bailey, (hereinafter "Bailey"), who supervised Gadjiev, and Defendant Thomas Glanton, Principal of Douglas High School, regarding his teaching assignment in significantly overpopulated student classes, and on other matters that adversely affected the quality of education to students in his classrooms, but these requests were ignored. (Compl. at ¶¶6,7, 31, 36, 38-39, 41, 61-63). Gadjiev informed Bailey, Glanton, and AISS officials that his overpopulated classes were a violation of Atlanta Public Schools Board of Education rules, regulations and policies as well as a violation of Georgia law. (Compl. at ¶¶29, 41-42). On September 13, 2010, Gadjiev sent an e-mail to Dr. Dottie Whitlow, Chair of the Mathematics Department of Defendant Atlanta Public Schools complaining of his teaching assignment in significantly overpopulated student classes. (Compl. at ¶43). On September 20, 2010, Gadjiev wrote a letter to Bailey, Glanton, and Randolph Bynum, Associate Superintendent of High Schools for AISS, complaining about overcrowded classes; the failure to provide students with disabilities with a free

2

appropriate public education as required by federal law; serious student misbehavior problems in his class, the lack of proper equipment and material for students in his classes; and other matters that adversely affected his teaching and the quality of education provided students in his classes.[1] (Compl. at ¶40, 44).

On December 8, 2010, Gadjiev sent an e-mail to Bailey complaining about the lack of special education classroom support and teaching assistance for his special education students. (Compl. at ¶45). On January 6, 2011, Plaintiff Gadjiev e-mailed Glanton complaining that a student assaulted him in class but no disciplinary action was taken against the student. (Compl. at ¶46). On March 12, April 12, and April 26, 2011, Gadjiev sent an e-mail to Bailey about the continuing disciplinary problems in his class, but she failed to take any action to address this concern. (Compl. at ¶47, 49). On March 17, 2011, Gadjiev sent an e-mail to Bailey and Glanton stating that some of his students did not have Geometry textbooks, but Bailey and Glanton failed to take any action to correct this problem. (Compl. at ¶48). On March 17, 2010, Gadjiev requested assistance from Bailey because he was assigned a group of

---

[1] Gadjiev also sent letters and complaints Dr. Dottie Whitlow, Chair of the Math Department of AISS and Beverly Hall, Superintendent of AISS, the Office of High Schools of AISS, and the Office of Internal Resolution of APS on all of these matters of public concern. (Compl. at ¶¶40, 53).

students that were repeating Geometry for the second time, but she failed to take any action to address or resolve this problem. (Compl. at ¶50).

Within a few weeks after Gadjiev began complaining to Bailey and Glanton, and other APS school officials about of his excessive class size and other matters that adversely affected the quality of educational instruction provided to his students, Bailey told Gadjiev that she would not renew his employment contract with AISS. (Compl. at ¶56). On September 15, 2010, Gadjiev had a meeting with the Glanton and Bailey. At this meeting Bailey said we want to put you [Dr. Gadjiev] on the Professional Development Plan (PDP) since you need to improve classroom management skills.[2] (Compl. at ¶57). Bailey and Glanton also engaged in other adverse employment actions in retaliation for Gadjiev's expression of public concern such as refusal to promote and transfer him; private and public reprimands; adverse and negative evaluations; changing his teaching responsibilities that were less suited to his education, skill, and experience; reducing his opportunity for career advancement; requesting that Gadjiev falsify student grades, and denying Gadjiev

_____

[2] In the three prior school years with AISS, Gadjiev had positive evaluations and was never placed on a PDP. (Compl. at ¶58).

4

the right to discipline students and protect himself  from physically aggressive students. (Compl. at ¶¶62, 65, 67-69,  102, 106, 111, 117).

## II.  STANDARD OF REVIEW - MOTION TO DISMISS

The United States Supreme Court decided in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), that there is no  requirement for  heightened fact pleading for specific facts,   but a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face.   A plaintiff's complaint does not need detailed factual allegations, but the relief sought must be above the speculative level. Id. at 555. A plaintiff's complaint may proceed even if proof of the alleged facts is improbable and that recovery is remote and unlikely. Id. at 556. The Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) further qualified the pleading requirement under Federal Rules of Civil Procedure  Rule 8(a) and stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged."

The plaintiff's complaint must only raise a "reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l. Univ., 495 F.3d 1289, 1295-1296 (11th Cir. 2007) quoting Twombly, 550 U.S. at 556. See, Speaker v. United States HHS CDC & Prevention, 623 F.3d. 1371, 1384-

85(2010)(Complaint states enough facts to raise a reasonable inference and a plausible claim for relief); <u>Lowery v. Deal</u>, 850 F.Supp. 2d. 1326, 1330 n. 1 (N.D.Ga. 2012), <u>citing</u> <u>Randall v. Scott</u>, 610 F.3d. 701, 708 n. 2 (11th Cir. 2010)(A motion to dismiss § 1983 action under Fed.R.Civ. P. 12(b)(6) is to be determined by the <u>Twombly</u> and <u>Iqbal</u> plausibility standard).

### III.  ARGUMENT AND CITATION OF AUTHORITIES

**A.    Plaintiff Gadjiev 's Retaliation Claim Under First Amendment States A Claim for Relief.**

Gadjiev asserts a claim under 42 U.S.C. § 1983 against AISS, Bailey, and Glanton for unlawful retaliation in violation of his First Amendment right to free speech. (Compl.. at  ¶¶97-103). <u>See</u>, <u>Bennett v. Hendrix</u>, 423 F.3d 1247, 1250 (11th Cir. 2005)(Eleventh Circuit adopted a three-part  test for determining whether the plaintiff has an actionable First Amendment retaliation claim).  Gadjiev alleged in his complaint various  grievances he communicated to Bailey, Glanton, and other AISS officials concerning  overcrowded classrooms;  failure to discipline physically aggressive students; failure to provide equipment, textbooks, and supplies to students; failure to provide appropriate instruction and services to students with disabilities, and other related matters. (Compl. at ¶¶29-31, 33-35, 38, 39-53; 97-103). Defendants

contend that Gadjiev's claim of retaliation for under the First Amendment does  not rise to the level of protected activity because he  only expressed concerns occurring in his class to Bailey, Glanton, and other AISS school officials. (Deft.'s Br. at 8). Therefore, Defendants argue such expression  was not a matter of public  concern, and is not entitled to protection  under  the  First Amendment to the United States Constitution,   (Deft.'s Br. at 6-9).

It is well established that a public employee may not be punished in retaliation for exercising his First Amendment rights to free speech. Rankin v. McPherson, 483 U.S. 378, 383 (1987). This right is conditional, however, and a  public employee's speech is entitled to protection under the First Amendment only when the employee speaks as a citizen on a matter of public concern. Garcetti v. Caballos, 547 U.S. 410, 418 (2006);  Pickering v. Board of Educ., 391 U.S. 563, 568 (1968);  Brown v. Sch. Bd. 459 Fed. Appx. 817, 820 (11th Cir. 2012), To determine whether Gadjiev's speech can be characterized as constituting speech on a matter of public  concern, this court must look to"the content, form, and context of the given statement, as revealed by the whole record." Connick v. Myers, 461 U.S. 138, 146 (1983); Vila v. Padron, 484 F.3d 1334, 1340 (11th Cir. 2007).  If the content of the speech "relat[es] to any matter of political social,  or  other  concern  to  the  community,  this  weighs  in  favor  of

characterizing the speech as a matter of public concern. Id. 146. An employee's statement in the whistle-blowing context strongly weighs in favor of characterizing the speech as a matter of public concern.   Garcetti, 547 U.S. at 425("Exposing governmental inefficiency and misconduct is a matter of considerable significance."); Bryson v. City of Waycross, 888 F.2d 1562, 1566 (11th Cir. 1989)(Core concern of the First Amendment is the protection of a whistle-blower attempting to expose government corruption). As the Court noted in Pickering, school administrators cannot limit a teacher's opportunities to contribute to the public debate, and teachers should be able to speak out on questions concerning the operation of the school without fear of retaliatory dismissal.  391 U.S. at 572-573.

The Garcetti Court did  not establish a bright-line test to determine whether a public employee is speaking on a matter of public concern, but rather instructed that the inquiry "is a practical one" to determine whether the employee's speech owes its existence to an employees professional duties. 547 U.S. at 424. The Eleventh Circuit Court of Appeals has consistently looked at the employee's motive or purpose in his speech to determine whether it constituted speech on a matter of public concern. Vila, 484 F.3d at 1340; Pattee v. Ga. Port Auth., 477 F.Supp. 2d 1253, 1262  (S.D. Ga. 2006).

8

Assuming the allegations of Gadjiev's Complaint are true and drawing reasonable inferences from such allegations, the content, form, context, and purpose of Gadjiev's complaints and grievances weigh heavily in favor of characterizing his speech as a matter of public concern. In addition, Gadjiev's speech was made in the whistleblower context in regard to poor educational standards at Douglass High School. (Compl. at ¶¶ 8-15). Gadjiev's actions as a whistleblower implicates a primary concern of the First Amendment. For these reasons, Defendants' Motion to Dismiss Gadjiev's retaliation claim under the First Amendment should be denied.

**B**.   **Gadjiev's Complaint States A § 1983 Claim For Relief Against AISS,**

The salient facts alleged in Gadjiev's Complaint to establish municipal liability against the AISS show that the school system had a duty toward Gadjiev to establish, implement and follow policies, procedures, customs, and practices which confirm and provide protection of Gadjiev's constitutional rights so as to use reasonable care to select, supervise, train and control review of all activities of its Principals, Assistant Principals, supervisors, employees, and representatives. (Compl. at ¶77). AISS breached its duties and obligations to protect Gadjiev from retaliation for engaging in such protected activities such as complaining to his supervisors Bailey

9

and Glanton  as well other AISS school officials and administrators about matters of public concern. (Compl. at ¶78-79).

Gadjiev further alleged that AISS's actions  or  inactions were a moving force behind  Bailey' sand Glanton's  retaliation against Gadjiev  for his  protected activities that resulted in adverse employment actions against him.  (Compl. at ¶¶ 81, 90-91).  The AISS was deliberately indifferent in its failure to adequately train, supervise, discipline, and control Bailey and Glanton in the exercise of their duties and responsibilities as Gadjiev's  supervisors.  The AISS failed  to adopt  polices, procedures, and practices necessary to prevent Gadjiev from being retaliated against by Bailey and Glanton.   (Compl. at ¶¶82-85, 90-91).  Glanton was the final policy and decision maker  in authorizing retaliation and  all  adverse employment actions against Gadjiev for exercising his protected activities and rights. (Compl. at ¶¶86-89). AISS ratified and approved   all actions, decisions, and recommendations made by Bailey and  Glanton.[3] (Compl. at ¶¶89, 94).

---

[3] Gadjiev's Complaint raises three grounds for AISS liability: (1) deliberately indifferent training, supervision, and discipline of Bailey and Glanton; (2) deliberately indifferent hiring of Bailey and Glanton; and (3) deliberately indifferent failure to adopt policies to prevent constitutional violations of Gadjiev's rights.

As established by the United States Supreme Court in <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694-95 (1978), municipal entities, such as AISS, are subject  to § 1983 liability, but not on the basis of respondent superior. <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 121 (1992).   The following types of municipal policies and practices give rise §1983 liability: (1)deliberately indifferent training[4]; deliberately indifferent supervision or discipline[5]; deliberately indifferent hiring[6]; and deliberately indifferent failure to adopt policies necessary to prevent constitutional violations.[7] In addition, a plaintiff must prove there is a sufficient causal connection, or a direct link, or close relationship, or moving force between enforcement of the municipal policy or practice and the violation of a plaintiff's constitutional or statutory rights.   <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989). Gadjiev's Complaint satisfies this burden at this stage of the proceeding as  he states a § 1983

---

[4] <u>City of Canton v. Harris</u>, 489 U.S. 378, 380 (1989); <u>Floyd v. Waters</u>, 133 F.3d 786, 796 (11th Cir.), <u>vacated and remanded on other grounds</u>, 525 U.S. 802 (1998), <u>opinion reinstated</u>, 171 F.3d 1264 (1999).

[5] <u>Board of County Comm'rs v. Brown</u>, 520 U.S. 397, 412 (1997).

[6] <u>Id.</u> at 410-11.

[7] <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1477 (9th Cir. 1992).

claim for municipal liability against AISS. (Compl. at ¶¶ 77-94).   Gadjiev's Complaint should survive Defendants' Motion to Dismiss.

## C.   Bailey And Glanton Are Not Entitled To Qualified Immunity

Gadjiev's Complaint alleges that Bailey and Glanton are sued in their individual capacities. (Compl. ¶¶ 6-7).   Baily and Glanton  were acting under color of state law, regulations, rules, policies in their individual capacities as employees of AISS. (Compl. at ¶94). Bailey and Glanton  acted maliciously toward Gadjiev or with reckless or deliberate indifference to his federally protected rights and in violation of clearly established laws. (Compl. at ¶¶ 80, 95).  There is no dispute that Bailey and Glanton were acting within their discretionary authority at the time of the events in question. Thus, the burden shifts to Gadjiev  to establish that qualified immunity is not appropriate. Smith v. Siegleman, 322 F.3d 1290, 1295 (11th Cir. 2003).

The qualified immunity analysis consists of a  two-prong test. First, the court must determine whether the fact as alleged in the complaint, viewed in the light most favorable to the plaintiff,  establishes a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). Second, if the constitutional right was violated as alleged n the complaint, then this court must determine "whether the right was clearly established."

Id. Cf. Pearson v. Callahan, 555 U.S. 223, 236 (2009)(Court holds that Saucier procedure is not mandatory in all cases).

The four-prong  Pickering-Connick  test applies to Gadjiev's claim that his First Amendment rights were violated by Bailey and Glanton  for work-related speech, to wit: (1) whether the employee's speech can be characterized as a matter of public concern; (2) whether the employee's interest  in speaking outweighs the government's legitimate interest in efficient public service; (3) whether the speech played a substantial part in the government's challenged employment decision; and (4) whether the government has shown by a preponderance of the evidence that it would have made the same employment decision in absence of the protected conduct. Stone v. City of Everglades City, No. 2:05-cv-209-FtM-29SPC, 2007 U.S. Dist. LEXIS 21118 at 13-14 (M.D. Fla., March 26, 2007)(cits. omitted).

Bailey and Glanton only argue that Gadjiev's speech was not constitutionally protected as a matter of public concern. (Deft.'s Br. at 6-9) . Defendants do not contest, however, whether Gadjiev met the remaining three-prongs of the Pickering-Connick test.   The next inquiry is whether Bailey and Glanton have violated clearly established law. Defendants do not challenge whether Bailey and Glanton have violated clearly established law. (Deft.'s Br. at 10-11).   Nonetheless, the Eleventh Circuit has held since 1988 that is "settled law" that the government may not retaliate

against citizens for the exercise of First Amendment rights. <u>Georgia   Ass'n of</u>

<u>Educators   v, Gwinnett County Sch. Dist.</u>, 856 F.2d 142, 145 (11th Cir. 1988),

Gadjiev's Complaint shows Bailey and Glanton were on notice and had "fair

warning" that retaliating against Gadjiev for his lawful expression of speech would

violate his constitutional rights and would lead to § 1983 liability.[8] <u>Bennett v.</u>

<u>Hendrix</u>, 423 F.3d 1247, 1256 (11th Cir. 2005). <u>See also</u>,   <u>Connick v. Myers</u>, 461 U.S.

138 (1983);   <u>Pickering v. Board of Educ.</u>, 391 U.S. 563(1968).

**D.     Gadjiev's Complaint States A Claim Under the ADA And Section 504
        Against Defendant Atlanta Independent School System.**

Defendants' first argument is Gadjiev cannot sue Bailey and Glanton in their

individual capacities for violation of the American with Disabilities Act's (ADA)

anti-retaliation provision, 42 U.S.C. § 12203,   as a result of termination of

employment. (Deft.'s Br. at 11-12). Defendants' rely upon the decision   in <u>Albra v.</u>

<u>Advan, Inc</u>., 490 F.3d 836 (11th Cir. 2007) to support this argument. <u>Albra</u> appears

to control the outcome of this argument. <u>Cf.</u>   <u>Shotz v. City of Plantation</u>, 344 F.3d

1161, 1164 (11th Cir. 2003)(An individual may be sued   privately in his or her

---

[8] <u>See</u>,   <u>Hope v. Peitzer</u>, 536 U.S. 730, 739 (2002)(For a constitutional right
to be clearly established its contours "must be sufficiently clear that a reasonable
official would understand that what he is doing wrong violates that right.");
<u>Accord</u>: <u>Al-Amin v. Smith</u>, 511 F.3d 1317, 1335-36 (11th Cir. 2008).

personal capacity  for violation of 42 U.S.C. 12203 in the public service context);

Atlanta Indep. Sch. System v. S.F., 740 F.Supp. 2d 1335, 1349-1350 (N.D.Ga. 2010)(parent of a child with a disability permitted to sue individual defendants in the public service context).  But the Shotz court  declined to decide whether individual liability is also precluded for violation of the ADA's anti-discrimination provision in the employment context.  Albra, 490 F.3d at 832.  The court in Albra, answered this question and held an individual defendant  may not be personally liable for violating 42 U.S.C. § 12203 when the act or practice opposed by the plaintiff is made unlawful by the ADA provisions concerning employment under Title I of the ADA. Id. at 834.

Assuming arguendo that Gadjiev's ADA claim for retaliation against Bailey and Glanton in their individual capacities does not state a claim for relief, Gadjiev's retaliation can still proceed against his former employer AISS. Albra, at 832-33(Remedies for violating ADA's anti-retaliation provision in employment context explicitly incorporate the remedies available under Title VII).  Furthermore, Gadjiev has stated a claim for retaliation against AISS under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794(d). Jarvis v. Potter, 500 F.3d 1113, 1126 (10th Cir. 2007)(Section 504 of the Rehabilitation Act of 1973 does not explicitly address retaliation, but 29 U.S.C. § 794(d) creates cause of action for employment discrimination under standards set forth by the ADA).

Defendants' second argument is that other than  Glanton's  recommendation for Gadjiev's employment contract   to be non-renewed   there was no adverse employment action taken by Bailey or Glanton that followed Gadjiev's alleged protected activity. Defendants further claim there is insufficient proximity to create causation between the alleged protected activity and termination of Gadjiev's employment contract. (Deft.'s Br. at ¶¶15-17).      Defendants' characterization of Gadjiev's Complaint misconstrues and misstates what is a "adverse employment action" and, therefore  miscalculates the time period between Gadjiev's protected activities and adverse employment actions.

First, "an adverse employment action is considered 'adverse' only if it results in some tangible, negative effect on the plaintiff's employment." Shotz, at 1181, quoting Lucus v. Grainger, Inc., 257 F.3d 1249, 1261 (11th Cir. 2001). But the § 1983's definition of adverse employment action may be broader than Title VII's definition, which limits the meaning of adverse employment to ultimate employment decisions. Banks v. E. Baton Rouge Parish Sch. Bd., 320 F.3d 570, 580 (5th Cir. 2003).  The definition of adverse employment action under § 1983 also includes reprimands, disciplinary filings, and transfers equivalent to a demotion, for example. Id.  Cf. Sullivan v. City of Satsuma, No. 04-0473-W5-M,  2005 U.S. Dist. LEXIS 30017 (S.D. Ala., Sept. 9, 2005)(For Title VII's purposes, "the employer's action

must impact the terms, conditions or privileges of the plaintiff's job in a real and demonstrable way. . . . " quoting Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001).

Gadjiev's Complaint alleges that he complained to Bailey, Glanton, and other AISS officials at the beginning of 2010-2011 school year, and during other times of the 2010-2011 school year concerning the right of students with disabilities in his class  to receive  a free appropriate public education under federal law, and other matters that adversely affected special education students. (Compl. at ¶¶30, 44, 45, 47-49, 53, 55, 98-99, 105-107, 110, 112).   As a result of these complaints and grievances, Bailey and Glanton  threatened that Gadjiev's employment contract would not be renewed; he was placed on a Professional Development Plan (PDP) to improve his classroom management skills; they refused to promote and transfer him from his position; they privately and publicly  reprimanded him; they gave him negative and adverse employment evaluations; they created a  hostile  work environment;  and Glanton  recommended termination of his employment contract. (Compl. at ¶¶56-60, 70-76, 102, 106-107, 111-112). These  adverse employment actions qualify as a basis for showing that Bailey and Glanton retaliated against him for his protected activities under 42 U.S.C. § 12203.  See e.g., Quiles-Quiles, 439

F.3d 1, 8 (1st Cir. 2006;  <u>Treglia v. Town of Manilusa</u>, 313 F.3d 713, 720 (2d Cir. 2002); <u>Gu v. Boston Police Dept</u>., 312 F.3d 6, 14 (1st Cir. 2002).

Defendants' third argument is that there is insufficient temporal proximity between the Bailey's and Glanton's knowledge of the protected activities and the adverse employment actions. (Deft.'s Br. at ¶¶ 15-16).   Gadjiev's Complaint read in the most favorable light and taking all factual allegations as true, and there is ample support to show that Gadjiev's complaints and grievances to Bailey, Glanton, and other AISS officials resulted in closely proximity to the adverse employment actions against him.

As early as September 1 and 7, 2010, Gadjiev complained about his overcrowded classes to Baily and Glanton. (Compl. at ¶¶33, 34).  During September, 2010, Gadjiev sent several e-mails Bailey, Glanton and AISS officials about his overcrowded classes. (Compl. ¶¶41-43).  On September 20, 2010 and  December 8, 2010, Gadjiev sent e-mails to Bailey and other AISS officials about students with disabilities not receiving appropriate instruction and services in his classes. (Compl. at ¶¶44-45). On September 15, 2010, Bailey and Glanton  placed Gadjiev on a PDP to improve his classroom management skills. (Compl. at ¶¶57-60). Prior to placing Gadjiev on the PDP, Bailey and Glanton had  knowledge of Gadjiev's complaints and grievance made to them and other AISS officials concerning overpopulated class size,

students with disabilities were not provided a free appropriate public education, and other significant matters adversely affecting the education of special education students in his classes.  (Compl. at ¶¶ 61, 64).

Subsequently, Bailey and Glanton engaged in a pattern of retaliation against Gadjiev during the 2010-2011 school year that resulted in Glanton recommending termination of Gadjiev's employment contact on February 15, 2011. (Compl. at ¶¶59-69, 102, 106, 111).  Gadjiev's Complaint shows that the Bailey and Glanton, as decision-makers, were aware of his protected activities and conduct prior to September 15, 2010, and that the protected activities and adverse actions were not wholly unrelated. Jackson v. B&L Disposal, Inc., 425 Fed. Appx. 819, 821 (11thCir. 2011);   Shannon v. BellSouth Telecomms., Inc. 292 F.3d 712, 716 (11th Cir. 2002).

The Eleventh Circuit held that in absence of any other evidence of causation, three and one-half months between the protected activity and adverse action is insufficient to create a causation issue for a jury. Drago v. Jenne, 453 F.23 1301, 1308 (11th Cir. 2004).   Using the three and one-half month as a yardstick, Gadjiev's Complaint demonstrates that the adverse  actions were administrated against him well within three months of  his protected activities. For example, Gadjiev's grievance of December 8, 2010 that students in his class were not receiving a free appropriate

public education was in temporal proximity to Glanton's February 15, 2011 letter to Gadjiev for non-renewal of his employment contract. This period is less than three months and satisfies the temporal proximity requirement. Defendants' Motion to Dismiss Gadjiev's ADA and Section 504 claims should be denied.

**E.     Gadjiev's Claim Under The Georgia Whistleblower Act Is Not Barred By The Statute Of Limitations.**

A public employee who has been subject to retaliation may institute a civil action for relief as set forth under the Georgia Whistleblower Act "within one year after discovering the retaliation or within three years after the retaliation, whichever is earlier." O.C.G.A. § 45-1-4(e)(1). On February 15, 2011, Glanton recommended that Gadjiev's employment with AISS be non-renewed for the 2011-2012 school year. (Compl. at ¶70). On May 12, 2011, Beverly Hall, Superintendent of AISS, notified Gadjiev that his employment contract for the 2011-2012 would not be renewed and his termination was effective on May 26, 2011. (Compl. at ¶71). An AISS tribunal issued a decision upholding Gadjiev's termination on September 12, 2011. (Compl. at ¶¶73-74). On October 19, 2011, the Georgia Board of Education upheld the AISS tribunal's decision to non-renew Gadjiev's employment contract. (Compl. at ¶ 75).

To determine the applicable statute of limitations, this court must determine when Gadjiev discovered Defendants' retaliation or when did the retaliation occur? There are no Georgia cases interpreting the statute of limitations contained in the Georgia Whistleblower Act. There is, however, the district court's decision in Stokes v. Savannah State Univ., No. CV-406-290, 2007 U.S. Dist. LEXIS 90120 at *3 (S.D. Ga., Dec. 7, 2007, aff'd, 291 Fed. Appx. 931 (11th Cir. 2008) which sheds some light on the Act's statute of limitations. In Stokes, the Magistrate Judge found that the employee discovered the alleged retaliation no later than August 10, 2005 when the President of the University issued a final letter of termination. Id.   The district court judge agreed that the employee discovered the alleged retaliation no later than August 10, 2005.   The district court judge found that the employee was aware of the retaliation when he received the initial letter of termination in April 2005. The employee did not file suit until November 14, 2006 - more than fifteen months later - challenging his termination under the Georgia Whistleblower Act. The district court found that plaintiff's action was barred by the statute of limitations.

Defendants argue that Gadjiev discovered the alleged retaliation on February 15, 2011 when Glanton recommended non-renewal of his employment contract, or on May 12, 2012 when Beverly Hall, Superintendent, notified him of non-renewal of

21

his employment contract effective May 26, 2011. (Deft.'s Br. at 19) But unlike the facts in Stokes, Gadjiev's Complaint is silent as to when he discovered the retaliation. Until further facts are discovered when Gadjiev discovered the Defendant's retaliation, it is premature to grant dismissal of this claim.

**F.   Gadjiuev's Claim Is Covered By The Georgia Whistleblower Act.**

Gadjiev sets forth a claim for retaliation under the Georgia Whistleblower Act. (Compl. at ¶¶115-129).   O.C.G.A. §45-1-4(d)(2) specifically provides that "[n]o public employer shall retaliate against a public employee for disclosing a violation of or noncompliance with a law, rule, or regulations to either a supervisor or a government agency . . . ." O.C.G.A. §45-1-4(a)(5) defines retaliation as the discharge, suspension or demotion by a public employer of a public employer or *any other adverse employment action* taken by a public employer against a public employee against a public employee in terms of conditions of employment for disclosing a violation of or noncompliance with a law, or regulation to either a supervisor or government agency." (emphasis supplied).

Gadjiev disclosed a violation or noncompliance with a law or regulation to Bailey, Glanton, and several AISS officials that school administrators at Douglass High School  were not complying with certain federal and state laws and regulations.

(Compl. at ¶¶29-53, 106, 111, 117).  Thus, Gadjiev states a claim for relief under the Georgia Whistleblower Act. See, Forrester v. Ga. Dep't of Human Servs., 308 Ga. App. 716, 722 (2011)(Court analyzed elements of a retaliation claim under O.C.G.A. § 45-1-4(d)(2) to determine merits of the plaintiff's whistelblower claim).

Defendants claim that Gadjiev's Complaint does not state a claim for relief under the Georgia Whistleblower Act because he did not make complaints about fraud, waste or abuse in a state-funded program or operation. (Deft.'s Br. at 19-21). Defendants' narrow interpretation of the Georgia Whistleblower Act is incorrect. See O.C.G.A. § 45-1-4(d)(2).  Defendant's Motion to Dismiss Gadjiev's retaliation claim under the Georgia Whistleblower Act should be denied.

**G.   Defendant's Motion For A More Definite Statement Should Be Denied.**

Federal Rules of Civil Procedure 12(e) provides that a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . . ." This generally occurs when the plaintiff files a complaint that does not properly identify federal claims, asserts boilerplate provisions, fails to identify specific facts linking defendants to a cause of action, or asserts vague and conclusory allegations, such as a "shot gun pleading". See, Sledge v. Goodyear

23

<u>Dunlop Tires North America, Ltd.</u>, 275 F.3d 1014, 1018 n. 8 (11th Cir. 2001)(The "failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a responsible pleading constitutes shot gun pleading."). <u>See also,</u> <u>Bryne v. Nezhat</u>, 261 F.3d 1075, 1129-34 (11th Cir. 2001)(Court discusses problems associated with shotgun pleadings).  A court  may order  repleading for a more definite statement under Federal Rules of Civil Procedure 12(e) in such cases. <u>Gelfond-Holtz v. Harpagon Co., LLC</u>, No. 1:09-cv-03085-JOF, 2010 U.S. Dist. LEXIS 63630 at *11-15 (N.D.Ga., June 25, 2010); <u>Jamieson v. City of Forsyth,</u>, No. 5:06-cv-390(CAR), 2007 U.S. Dist. LEXIS 30765 at *6-7 (M.D. Ga., April 26, 2007).

Defendants claim that Gadjiev's Complaint is a shot gun pleading because he "made a sweeping conclusory allegation that at time during the 2010-2011 school year he  made complaints that are constitutionally and statutorily protected.".[9] (Deft.'s Br. at 21-22).  Gadjiev's Complaint contains 120 paragraphs yet Defendants single out one paragraph out of the entire complaint to request a Motion for More Definite Statement.  Defendants' Motion for A More Definite Statement should not be used as a means of discovery and such  motions are generally denied in federal court. <u>Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.</u>, No.  11-61975-CIV-

---

[9] Defendants fail to specify what paragraph(s) contained in Gadjiev's Complaint is subject to a Motion For A More Definite Statement.

24

COHN/SELTZER, 2012 U.S. Dist. LEXIS 66868 (S.D. Fla., May 14, 2012); <u>Roy v.</u>
<u>Fulton County Sch. Dist</u>., 509 F.Supp. 2d 1316, 1323 (N.D.Ga. 2007); <u>Pucci v.</u>
<u>USAIR</u>, 940 F.Supp. 305, 310 (M.D. Fla. 1996)  Gadjiev's Complaint is sufficiently
detailed to permit Defendants to frame a proper answer and response. This Court
should deny Defendants' Motion for More Definite Statement.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion to
Dismiss or Motion For A More Definite Statement.

This 18th  day of October, 2012


BY:   <u>/s/ Torin D. Togut</u>
TORIN D. TOGUT
Georgia Bar No. 713950
Attorney for Plaintiff

140 Hanarry Drive
Lawrenceville, Georgia 30046
(678) 372-1829
(678) 407-2449 (FAX)
torin@togutlaw.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA  DIVISION

DJAVANSHIR D.GADJIEV,                  :
                                       :
            Plaintiff,                  :     CIVIL FILE
                                       :
vs.                                    :     ACTION NO.  1:12-CV-2700-JEC
                                       :
ATLANTA INDEPENDENT                    :
SCHOOL SYSTEM,  STEPHANIE A. :
BAILEY, in her individual capacity      :
and THOMAS W. GLANTON, in his    :
individual capacity,                    :
                                       :
            Defendants.                 :
_____:

## CERTIFICATION

This is to certify under L.R. 7.1D that the within and foregoing Plaintiff's

Memorandum  in Response  to Defendants' Motion to Dismiss, or in the Alternative,

Motion for A More Definitive Statement has been prepared in Times New Roman 14

point font in compliance with this Courts Rule, L.R. 5.1B (N.D.Ga.).

This 18th day of October, 2012.

                                    BY:  /s/ Torin D. Togut_____
                                         TORIN D. TOGUT
                                         Georgia Bar No. 713950
                                         Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA  DIVISION**

| | | |
|---|---|---|
| DJAVANSHIR D.GADJIEV, | : | |
| | : | |
| Plaintiff, | : | CIVIL FILE |
| | : | |
| vs. | : | ACTION NO.  1:12-CV-2700-JEC |
| | : | |
| ATLANTA INDEPENDENT | : | |
| SCHOOL SYSTEM,  STEPHANIE A. | : | |
| BAILEY, in her individual capacity | : | |
| and THOMAS W. GLANTON, in his | : | |
| individual capacity, | : | |
| | : | |
| Defendants. | : | |
| _____: | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of October, 2012, I electronically filed Plaintiff's Memorandum in Response to Defendants' Motion to Dismiss Plaintiff's Complaint And, In The Alternative, Motion For A More Definite Statement with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to following attorney of record:

Sharron M. Pitts
spitts@atlantapublicschools.us

I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants: None

BY:  /s/ Torin D. Togut_____
     TORIN D. TOGUT
     Georgia Bar No. 713950
     Attorney for Plaintiff

140 Hanarry Drive
Lawrenceville, Georgia 30046
(678) 372-1829
(678) 407-2449 (FAX)
torin@togutlaw.com