## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DJAVANSHIR D. GADJIEV )<br><br>Plaintiff )<br> )<br> )<br>vs. )<br> )<br>ATLANTA INDEPENDENT SCHOOL )<br>SYSTEM, STEPHANIE A. BAILEY, )<br>in her individual capacity and THOMAS )<br>W. GLANTON, in his individual capacity )<br> )<br>Defendants )<br> ) | CIVIL FILE ACTION NO.:<br>1:12-CV-2700-JEC |

## DEFENDANTS' INITIAL DISCLOSURES

Defendants, the Atlanta Independent School System ("AISS" or the "District"), Stephanie A. Bailey and Thomas W. Glanton, hereby file their Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1) and N.D. Ga. Local Rule 26.1.

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE: The Defendants are properly identified.**

(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**RESPONSE:    None.**

(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**RESPONSE:  Plaintiff was hired by Defendant, Atlanta Independent School System (hereinafter "AISS") and was assigned to teach in Douglass High School's Academy of Hospitality, Tourism & Marketing during the 2011-2012 school year. Defendant Stephanie Bailey (hereinafter "Bailey") was the Academy leader. Defendant Thomas Glanton (hereinafter "Glanton") was the principal of Douglass.**

**Shortly after school started in August 2010, Bailey conducted an observation of Plaintiff's classroom. What she saw was the lack of a behavior management plan, students sitting in groups talking on cell phones, combing hair, listening to music and continuously leaving and re-entering the classroom, all while Plaintiff was giving the lesson. She also observed that**

Plaintiff failed to employ any teaching practices and behavior management practices that would have helped his students conform to expected classroom behavior. Although Bailey provided Plaintiff with suggestions, those suggestions were not implemented.

Bailey observed Plaintiff's classroom again in September and observed the same problematic student behavior. As a result, she placed Plaintiff on a Professional Development Plan (hereinafter "PDP"). Plaintiff refused to comply with the terms of the PDP, which set forth reasonable expectations to help Plaintiff improve his classroom management skills. In October, 2010, Bailey conducted a formal observation of Plaintiff's classroom where he fell below expectations in four categories and needed improvement in six categories. Plaintiff was placed on another PDP and required to have additional formal observations.

Other Douglass teachers with the same students did not experience the issues that Plaintiff had. In an effort to assist Plaintiff, Defendants Bailey and Glanton sought additional assistance for Plaintiff from educators external to the school. However, Plaintiff was not receptive to that assistance and his performance did not improve. Therefore, Plaintiff's employment contract was

not recommended to be renewed for the 2011-2012 school year. Plaintiff had a hearing before a tribunal of educators who found that there was sufficient evidence presented at the hearing to uphold the non-renewal recommendation.

Plaintiff alleges that his non-renewal was the result of retaliation for complaints about his class sizes being in violation of the state law. Bailey was aware that Plaintiff's classrooms were over the state's limit when school began, December 9, 2010, however, that situation was corrected by September 10, 2010. Plaintiff alleges that as a result of those complaints, he was placed on a professional development plan (PDP) by Bailey. Defendants deny the allegation and assert that he was placed on a PDP to help him improve his classroom management skills. Plaintiff refused to sign that PDP and no action was taken against him as a result. Plaintiff also alleges that he was placed on the PDP as a result of complaining that special needs students in his class were not receiving appropriate services under the IDEA. However, he had not complained to Bailey or Glanton about that issue before he was placed on the PDP. Plaintiff also complains that he was retaliated against for alleging that the students in his classes were misbehaving and the administration did

nothing to correct the situation and that he did not have appropriate supplies and materials.  Defendants assert that Plaintiff was terminated for poor performance and an inability to accept assistance and improve.

Defendants, AISS, Bailey and Glanton are not liable to Plaintiff on his First Amendment claims because (1) Plaintiff did not engage in any protected speech as his speech if true do not amount to matters of public concern; (2) even if Plaintiff did engage in protected speech, Defendants did not engage in retaliatory conduct; and (3) Plaintiff cannot demonstrate that there was a causal connection between his alleged protected speech and Defendants' actions as there was no temporal proximity.

Defendants Bailey and Glanton are not liable to Plaintiff on his claim of ADA retaliation because (1) Defendants cannot be sued in their individual capacities; (2) even if Defendants can be sued in their individual capacities, Plaintiff did not engage in protected speech; (3) Defendants did not engage in any retaliatory conduct; (4) Plaintiff's termination was not causally related to his speech; and (5) Defendants had a non-discriminatory basis for their actions against Plaintiff.

Defendants Bailey and Glanton are not liable to Plaintiff on his claim of Section 504 retaliation because (1) Plaintiff did not engage in protected speech; (2) Defendants did not engage in any retaliatory conduct; (3) Plaintiff's termination was not causally related to his speech; and (4) Defendants had a non-discriminatory basis for their actions against Plaintiff.

Defendant AISS is not liable to Plaintiff on any of his claims as (1) Plaintiff did not engage in protected speech; (2) AISS did not have a policy or custom that caused a deprivation of Plaintiff's rights; (3) AISS did not act with deliberate indifference toward Plaintiff's rights or in its duty to train, supervise, investigate and discipline its employees when appropriate; (4) AISS' actions and inactions were not the motivating force behind any alleged violation of Plaintiff's rights.

Defendant Glanton is not liable to Plaintiff on any of his claims in that he is not a final policy maker.

Defendants AISS, Bailey and Glanton are not liable to Plaintiff on his Georgia Whistleblower claims in that those claims are barred by the statute of limitations.   Even if Plaintiff's claims are not barred, Defendants are not liable because Plaintiff did not engage in protected speech

(4)    Describe in detail all statutes, codes, regulations, legal principles,

standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE:**   **Because Defendant's investigation into the facts and circumstances of Plaintiff's Complaint is ongoing, it cannot at this time list every statute, code, regulation, legal principle, standard, and custom or usage that might conceivably apply to this action. Based upon the information gathered to date, the Defendants believe the following authorities apply:**

- **United States Constitution;**

- **Doctrines of immunity, and interpreting case law;**

- **Americans with Disabilities Act of 1990, 42 U.S.C. § 12101*et seq.*, and interpreting case law;**

- **Abella V. Simon, No. 11-15124, 2012, WL 3034471, 1 (11th Cir. 2012);**

- **Pickering v. Board of Education, 391 U.S. 563 (1968);**

- **Connick V. Myers, 461 U.S. 138 (1983);**

- **Garcetti v. Ceballos, 547 U.S. 410 (2006);**

- **Abdur-Rahman v. Walker, 567 F.3d 1273 (11th Cir. 2009);**

- **Brown v. School Board of Orange County, Florida, 459 Fed. Appx. 817 (11th Cir. 2012);**

- **Chesser v. Sparks**, 248 F.3d 1117 (11th Cir. 2001);

- **Khan v. Katherine Fernandez-Rundle**, 287 Fed. Appx. 50 (11th Cir. 2007);

- **Battle v. Bd. Of Regents for Ga.**, 468 F.3d 755 (11th Cir. 2006);

- **Vineyard v. County of Murray**, 990 F.2d 1207 (11th Cir. 1993);

- **Green v. Barrett**, 226 Fed. Appx. 883 (11th Cir. 2007);

- **Saucier v. Katz**, 533 U.S. 194 (2001);

- **Albra v. Advan Inc.**, 490 F.3d 826 (11th Cir. 2007);

- **Hidgon v. Jackson**, 393 F.3d 1211 (11th Cir. 2004);

- **Griffin v. GTE Florida,Inc.**, 182 F.3d 1279 (11th Cir. 1999);

- **Goldsmith v. City of Atmore**, 996 F.2d 1155 (11th Cir. 1993);

- **Cole v. State of Illinois**, 562 F.3d 812 (7th Cir. 2009);

- **Braswell v. Allen**, 586 F. Supp. 2d 1297 (M.D. Alabama 2008);

- **Clark County Sch. Dist. V. Breeden**, 532 U.S. 268 (2001);

- **Drago v. Jenne**, 453 F.3d 1301 (11th Cir. 2006);

- **Wascura v. City of South Miami**, 257 F.3d 1238 (11th Cir. 2001);

- **Higdon v. Jackson**, 393 F.3d 1211 (11th Cir. 2004);

- **Stokes v. Savannah State University**, 291 Fed. Appx. 931 (11th Cir. August 27, 2008);

- **Fulton County v. Colon**, 730 S.E. 2d 599 (Ga. App. 2012);

- **Forrester v. Georgia Dep't of Human Servs.**, 308 Ga. App. 716, 708 S.E. 2d 660 (2011)

(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:**   **See Defendants' Attachment "A."**

(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**RESPONSE:**   **See Defendants' Attachment "B".**

(7)    Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, indentifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:    See Defendants' Attachment "C."**

(8)    In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:  None at this time.**

(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:**      **None.**

(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:**      **None.**

Respectfully submitted this 9th day of November, 2012.

ATLANTA INDEPENDENT SCHOOL SYSTEM

/s/ Sharron M. Pitts

Sharron M. Pitts
Georgia Bar Number: 581290
Attorney for the Defendants
130 Trinity Avenue, SW, 8th floor
Atlanta, Georgia 30303
Telephone: (404) 802-2801
Email: spitts@atlantapublicschools.us

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies that this document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in local rules 5.1(c) and 7.1(d).


/s/ Sharron M. Pitts

Sharron M. Pitts
Georgia Bar Number 581290

## ATTACHMENT "A"

## DEFENDANTS' INITIAL WITNESS LIST

The following individuals may have discoverable information relating to this litigation:

1)    The Plaintiff

2)    Rosa Roberts
      Model Teacher Leader
      Atlanta Independent School System
      130 Trinity Avenue, SW
      Atlanta, Georgia 30303
      May be contacted through counsel at (404) 802-2801
      May possess discoverable information regarding Plaintiff's teaching,
      classroom management skills, response to assistance and his ability to
      employ good teaching practices.

3)    Olivia Simmons
      Special Education Teacher, North Atlanta High School
      2875 Northside Drive, N.W.
      Atlanta, Georgia 30305
      May be contacted through counsel at (404) 802-2801
      May possess discoverable information regarding Plaintiff's teaching
      and classroom management

4)    Carolyn Turley Moore
      History teacher, Douglass High School
      225 Hamilton E. Holmes Dr. NW
      Atlanta, Georgia 30318
      May be contacted through counsel at (404) 802-2801

May possess discoverable information regarding Plaintiff's teaching and classroom management skills

5)    Thomas Symonette
      Special education teacher, Douglass High School
      225 Hamilton E. Holmes Dr. NW
      Atlanta, Georgia 30318
      May be contacted through counsel at (404) 802-2801
      May possess discoverable information relevant to Plaintiff's classroom management skills and special needs students assigned to Plaintiff's classes.

6)    Keshia Dixon
      Science teacher, Douglass High School
      225 Hamilton E. Holmes Dr. NW
      Atlanta, Georgia 30318
      May be contacted through counsel at (404) 802-2801
      May possess discoverable information relevant to the assistance provided to Plaintiff in her special education duties and her performance as a special education teacher.

7)    Chantel Mullen
      Dean of Student Discipline
      Atlanta Independent School System
      130 Trinity Avenue, SW
      Atlanta, Georgia 30303
      May be contacted through counsel at (404) 802-2801
      May possess discoverable information regarding the discipline of students at AISS, at Douglass High School and in Plaintiff's classes.

8)    Roselyn Heard
      Registrar at Douglass High School

225 Hamilton E. Holmes Dr. NW
Atlanta, Georgia 30318
May be contacted through counsel at (404) 802-2801
May possess discoverable information regarding students assigned to
Plaintiff's classes and other teachers' classes at Douglass

9)   Kisha Morgan-Dennis
     Special Education Lead Teacher, Douglass High School
     225 Hamilton E. Holmes Dr. NW
     Atlanta, Georgia 30318
     May be contacted through counsel at (404) 802-2801
     May possess discoverable information regarding special education
     students assigned to Plaintiff's classes and services that they were
     provided.

10)  Aliza Sistrunk
     Student Information Specialist
     Atlanta Independent School System
     130 Trinity Avenue, SW
     Atlanta, Georgia 30303
     May be contacted through counsel at (404) 802-2801
     May possess discoverable information regarding Plaintiff's class
     rosters, special education students assigned to his classroom and other
     information contained in AISS' student information system

11)  Thomas Silva
     Behavior Specialist
     Atlanta Independent School System
     130 Trinity Avenue, SW
     Atlanta, Georgia 30303
     May be contacted through counsel at (404) 802-2801
     May possess discoverable information regarding Defendant Bailey's
     requests for support for Plaintiff

12)  Janet Tomlinson
     Carnegie Learning

437 Grant St. 20th Floor
Pittsburgh, PA 15219
(888) 851-7094
May possess discoverable information regarding her observation of Plaintiff's class

13)   Mr. Shermaine Jennings
Former Instructional Specialist, Douglass High School
Mays High School
3450 Benjamin E. Mays, Dr., S.W.
Atlanta, Georgia 30331
May be contacted through counsel at (404) 802-2801
May possess discoverable information regarding his observations of Plaintiff's classes, assistance provided to Plaintiff and Bailey and Glanton's interactions with Plaintiff

14)   Cheryl Jenkins
Former Instructional Coach, Douglass High School
Therrell High School
3099 Panther Trail, S.W.
Atlanta, Georgia 30311
May be contacted through counsel at (404) 802-2801
May possess discoverable information regarding her observations of Plaintiff's classes, assistance provided to Plaintiff and Bailey and Glanton's interactions with Plaintiff

15)   Dawn Stoner
Common Core Implementation Specialist
Atlanta Independent School System
130 Trinity Avenue, S.W.
Atlanta, Georgia 30303
May be contacted through counsel at (404) 802-2801
May possess discoverable information regarding her observations of Plaintiff's classes, assistance provided to Plaintiff and Bailey and Glanton's interactions with Plaintiff

16)   Other current and former employees of the Atlanta Independent School System, whose identities are presently unknown to the Defendants.

## ATTACHMENT "B"

## <u>DEFENDANTS' EXPERT WITNESS LIST & REPORTS</u>

Defendants have made no decision about whether it will retain any expert who will testify at the trial of this case.  If Defendants retain an expert who will testify at trial, this response will be supplemented.

## ATTACHMENT "C"

## DEFENDANTS' LIST OF EXHIBITS & DOCUMENTARY EVIDENCE

This Attachment is based on documents and information presently available to or anticipated by Defendants.  Defendants reserve the right to supplement this Attachment as they discover additional documents, data compilations, or other tangible things that they may use to support their claims or defenses in this action.

1)   Relevant portions of Plaintiff's personnel file.

2)   Relevant portions of Plaintiff's local school file(s).

3)   Records regarding Plaintiff's attempts to assist Plaintiff with his teaching and classroom management skills

4)   Records regarding formal and informal observations of Plaintiff's performance.

5)   Records regarding Plaintiff's performance evaluations.

6)   Records regarding disciplinary actions taken against students in Plaintiff's classes

7)   Records regarding the number of students in Plaintiff's classes

8)   Atlanta Board of Education Policies against discrimination

9)   Records regarding assistance provided to special needs students in Plaintiff's classes

10)   Records reflecting peer reviews of Plaintiff's teaching and classroom

11)   Records regarding parent complaints against Plaintiff

12)   Records regarding Defendants responses to Plaintiff's complaints

13)   Any disciplinary records or investigatory records involving Plaintiff

14)   Records reflecting Plaintiff's financial condition prior to, during, and subsequent to Plaintiff's employment with Defendants.

15)   Records sought or obtained by Plaintiff through Georgia's Open Records Act and the Freedom of Information Act.

16)   Any documents obtained by Plaintiff with the assistance of other current and former AISS employees.

17)   Any and all records identified, listed, or produced by Plaintiff to Defendants.

18)   Any and all records exchanges or referenced during discovery or at any time during this civil action.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DJAVANSHIR D. GADJIEV | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL FILE ACTION NO.: |
| vs. | ) | 1:12-CV-2700-JEC |
| | ) | |
| ATLANTA INDEPENDENT SCHOOL | ) | |
| SYSTEM, STEPHANIE A. BAILEY, | ) | |
| in her individual capacity and THOMAS | ) | |
| W. GLANTON, in his individual capacity | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2012, I electronically filed the within and

foregoing DEFENDANTS INITIAL DISCLOSURES with the Clerk of the court

using the CM/ECF system which will automatically send e-mail notification of

such filing to the following attorneys of record:

    Torin D. Togut: torin@togutlaw.com

I hereby certify that I have mailed by United States Postal Service the same to the

following non-CM/ECF participants:

    None

Respectfully submitted this 9th day of November, 2012

ATLANTA INDEPENDENT
SCHOOL SYSTEM

/s/ Sharron M. Pitts
Sharron M. Pitts
General Counsel (Interim)
State Bar of Georgia No. 581290

Attorney for Defendants
130 Trinity Avenue S.W.
Atlanta, Georgia 30303
(404) 802-2801
(404) 802-1801 – fax
spitts@atlantapublicschools.us