**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DJAVANSHIR D. GADJIEV,   )
            )
   Plaintiff,   )
            ) CIVIL ACTION NO:
v.          ) 1 :12-CV-2700-JEC
            )
ATLANTA INDEPENDENT SCHOOL SYSTEM, )
STEPHANIE A. BAILEY, in her )
individual capacity and THOMAS W. )
GLANTON, in his individual capacity)
            )
   Defendants.  )
_____)

### ANSWER OF DEFENDANTS ATLANTA INDEPENDENT SCHOOL SYSTEM, STEPHANIE A.BAILEY, IN HER INDIVIDUAL CAPACITY AND THOMAS W. GLANTON, IN HIS INDIVIDUAL CAPACITY TO COMPLAINT FOR DAMAGES

Defendants, Atlanta Independent School System, Stephanie A. Bailey, in her individual capacity and Thomas W. Glanton, in his individual capacity (hereinafter referred to jointly as ("Defendants"), respond to the Complaint of Plaintiff, Djavanshir D. Gadjiev (hereinafter referred to as "Plaintiff"), as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

<u>SECOND DEFENSE</u>

Responding to the specific allegations of the unnumbered and numbered paragraphs of Plaintiff's Complaint, Defendants state as follows:

<u>INTRODUCTION</u>

Responding to the fist sentence of the unnumbered Paragraph on page one of Plaintiff's Complaint, Defendants admits only that Plaintiff purports to bring a civil rights action under the First Amendment to the United States Constitution, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973 and the Georgia Whistleblower Act, but Defendants deny that Plaintiff is entitled to reinstatement or damages or that Defendants violated Plaintiff's rights in any way. Moreover, to the extent that the first sentence of the unnumbered Paragraph of Plaintiff's Complaint alleges or gives rise to the inference that Plaintiff's Complaint properly states one or more causes of action against Defendants, the allegations and inferences of said Paragraph are denied.

Defendants admit the allegations contained in the second sentence of the unnumbered Paragraph of Plaintiff's Complaint. Defendants deny the allegations contained in the third sentence of the unnumbered Paragraph of Plaintiff's Complaint.

Defendants deny the allegations contained in the fourth and fifth sentences of the unnumbered Paragraph of Plaintiff's Complaint.  Responding to the sixth sentence of the unnumbered Paragraph of Plaintiff's Complaint, Defendants admit only that Plaintiff seeks reinstatement of his employment as a teacher but deny that Plaintiff is entitled to reinstatement, back pay, front pay, pension and fringe benefits, employment benefits, compensatory damages, attorneys' fees, costs or any other relief.  Defendants deny the remaining allegations contained in the unnumbered Paragraph of Plaintiff's Complaint.

1.

Responding to Paragraph 1 of Plaintiff's Complaint, Defendants admit only that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C §§ 1331 and 1342(3),(4), the First Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), 42 U.S.C. § 12203, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 a(a)(2), but Defendants deny that Plaintiff is entitled to any relief thereunder.  Moreover, to the extent that Paragraph 1 alleges or gives rise to the inference that Plaintiff's Complaint properly

states one or more causes of action against Defendants, the allegations and inferences of said Paragraph are denied.

2.

Responding to Paragraph 2 of Plaintiff's Complaint, Defendants admit only that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1391 (b) and LR 3.1B.(1)(a) & (b)(3), but deny that Plaintiff is entitled to any relief thereunder. Moreover, to the extent that Paragraph 2 alleges or gives rise to the inference that Plaintiff's Complaint properly states one or more causes of action against Defendants, the allegations and inferences of said Paragraph are denied.

3.

Responding to Paragraph 3 of Plaintiff's Complaint, Defendants admits only that Plaintiff purports to invoke this Court's supplemental jurisdiction under 28 U.S.C. § 1367 over state claims, but  deny that Plaintiff is entitled to any relief thereunder. Moreover, to the extent that Paragraph 3 alleges or gives rise to the inference that Plaintiff's Complaint properly

states one or more causes of action against Defendants, the allegations and inferences of said Paragraph are denied.

4.

Responding to the first sentence of Paragraph 4 of Plaintiff's Complaint, Defendants states that they are without information to form a reasonable belief as to the truth of the allegations contained therein and, therefore, said allegations are denied. Defendants admit the allegations contained in the second sentence of Paragraph 4 of Plaintiff's Complaint.

5.

Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendants deny the allegations contained in the first, second, third and fourth sentences of Paragraph 6 of Plaintiff's Complaint. Defendants admit the allegations contained in the fifth sentence of Paragraph 6 of Plaintiff's Complaint.

7.

Defendants admit the allegations contained in the first, second and fourth sentences of Paragraph 7 of Plaintiff's Complaint. Defendants deny the allegations contained in the third sentence of Paragraph 7 of Plaintiff's Complaint.

8.

Responding to Paragraph 8 of Plaintiff's Complaint, Defendants state that they are without information to form a reasonable belief as to the truth of the allegations contained therein and, therefore, said allegations are denied.

9.

Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Responding to Paragraph 10 of Plaintiff's Complaint, Defendants state that they are without information to form a reasonable belief as to the truth of the allegations contained therein and, therefore, said allegations are denied.

11.

Responding to the Paragraph 11 of Plaintiff's Complaint, Defendants state that they are without information to form a reasonable belief as to the truth of the allegations contained therein and, therefore, said allegations are denied.

12.

Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Responding to Paragraph 14 of Plaintiff's Complaint, Defendants states that they lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Responding to the first Paragraph 15 of Plaintiff's Complaint, Defendants states that they lack sufficient knowledge to either admit or deny the allegations contained therein.

Defendants deny the allegations contained in the second Paragraph 15 of Plaintiff's Complaint.

16.

Responding to Paragraph 16 of Plaintiff's Complaint, Defendants states that they lack sufficient knowledge to either admit or deny the allegations contained therein.

17.

Defendants deny the allegations contained Paragraph 17 of Plaintiff's Complaint.

18.

Responding to Paragraph 18 of Plaintiff's Complaint, Defendants state that such allegations constitute a conclusion

of law, which requires neither an admission nor a denial by Defendants. Moreover, to the extent that the allegations of Paragraph 18 of Plaintiff's Complaint allege or give rise to the inference that Plaintiff is entitled to relief under the No Child Left Behind Act of 2001, or that Defendants violated said act, the allegations and inferences of said paragraph are denied.

19.

Responding to Paragraph 19 of Plaintiff's Complaint, such allegations constitute a conclusion of law, which requires neither an admission nor a denial by Defendants.

20.

Defendants admit the allegations contained in the first sentence of Paragraph 20 of Plaintiff's Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 20 of Plaintiff's Complaint.

21.

Responding to Paragraph 21 of Plaintiff's Complaint, such allegations constitute a conclusion of law, which requires neither an admission nor a denial by Defendants.

22.

Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendants admit the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Responding to Paragraph 34 of Plaintiff's Complaint, Defendants admit that Plaintiff informed Defendant Bailey but deny that Plaintiff had a total of 68 students for his 2nd block B-day and 72 students for 3rd block B-day.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Responding to Paragraph 36 of Plaintiff's Complaint, Defendants admit the allegations contained in the first sentence but deny the allegations set forth in the second sentence.

37.

Responding to Paragraph 37 of Plaintiff's Complaint, Defendants states that they lack sufficient knowledge to either admit or deny the allegations contained therein.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Responding to Paragraph 40 of Plaintiff's Complaint, Defendants states that they lack sufficient knowledge to either admit or deny the allegations contained therein, and therefore said allegations are denied.

41.

Responding to Paragraph 41 of Plaintiff's Complaint, Defendants states that they lack sufficient knowledge to either admit or deny the allegations contained therein.

42.

Responding to Paragraph 42 of Plaintiff's Complaint, Defendants state that such allegations constitute a conclusion of law, which requires neither an admission nor a denial by Defendants.

43.

Responding to Paragraph 43 of Plaintiff's Complaint, Defendants states that they lack sufficient knowledge to either admit or deny the allegations contained therein.

44.

Responding to Paragraph 44 of Plaintiff's Complaint, Defendants state that they are without information to form a reasonable belief as to the truth of the allegations contained therein and, therefore, said allegations are denied.

45.

Responding to Paragraph 45 of Plaintiff's Complaint, Defendants state that they are without information to form a

reasonable belief as to the truth of the allegations contained therein and, therefore, said allegations are denied.

46.

Responding to Paragraph 46 of Plaintiff's Complaint, Defendants state that they are without information to form a reasonable belief as to the truth of the allegations contained therein and, therefore, said allegations are denied.

47.

Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Responding to Paragraph 52 of Plaintiff's Complaint, Defendants states that they lack sufficient knowledge to either admit or deny the allegations contained therein.

53.

Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.


54.

Responding to Paragraph 54 of Plaintiff's Complaint, Defendants states that they lack sufficient knowledge to either admit or deny the allegations contained therein.

55.

Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

Defendants deny the allegations contained in the first and second sentences of Paragraph 57 of Plaintiff's Complaint. Defendants admit the allegations contained in the third sentence of Paragraph 57 of Plaintiff's Complaint.

58.

Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendants admit the allegations contained in the first sentence of Paragraph 61 of Plaintiff's Complaint.  Defendants deny the allegations contained in the second sentence of Paragraph 61 of Plaintiff's Complaint.

62.

Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendants admit the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

Responding to the first sentence of Paragraph 71 of Plaintiff's Complaint, Defendants states that they lack sufficient knowledge to either admit or deny the allegations

contained therein.  Defendants deny the allegations contained in the second sentence of Paragraph 71 of Plaintiff's Complaint.

72.

Defendants admit the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

Defendants admit the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

Defendants admit the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

Defendants admit the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

Responding to Paragraph 77 of Plaintiff's Complaint, Defendants state that such allegations constitute a conclusion of law, which requires neither an admission nor a denial by Defendants.

78.

Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.

Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.

Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.

Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.

Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.

Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.

Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.

Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.

Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.

Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.

Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

Responding to Paragraph 94 of Plaintiff's Complaint, Defendants state that such allegations constitute a conclusion of law, which requires neither an admission nor a denial by Defendants.

95.

Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.

Responding to Paragraph 96 of Plaintiff's Complaint, Defendants reassert their answers to Paragraph 1 through and including Paragraph 95 of the Complaint and incorporates such answers herein by reference, as if set forth fully herein.

97.

Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.

Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.

Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.

Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.

Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.

Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.

Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.

Responding to Paragraph 104 of Plaintiff's Complaint, Defendants reasserts their answers to Paragraph 1 through and including Paragraph 95, and paragraphs 97 through 103 of the Complaint and incorporates such answers herein by reference, as if set forth fully herein.

105.

Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.

Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.

Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.

Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.

Responding to Paragraph 109 of Plaintiff's Complaint, Defendants reasserts their answers to Paragraph 1 through and including Paragraph 95, Paragraphs 97 through 103, and Paragraphs 105 through 108 of the Complaint and incorporate such answers herein by reference, as if set forth fully herein.

110.

Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.

Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.

Defendants deny the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.

Defendants deny the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.

Responding to Paragraph 114 of Plaintiff's Complaint, Defendant reasserts its answers to Paragraph 1 through and including Paragraph 95, Paragraphs 97 through 103, Paragraphs 105 through 108 and Paragraphs 110 through 113 of the Complaint and incorporates such answers herein by reference, as if set forth fully herein.

115.

Responding to Paragraph 115 of Plaintiff's Complaint, Defendants states that such allegations constitute a conclusion of law, which requires neither an admission nor a denial by Defendants.

116.

Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.

Defendants deny the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118.

Defendants deny the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119.

Defendants deny the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.

Defendants deny the allegations contained in Paragraph 120 of Plaintiff's Complaint.

Unless otherwise specifically responded to herein, Defendants deny each and every allegation contained in Plaintiff's Complaint.

## PRAYER OF RELIEF

Responding to the last four pages of Plaintiff's Complaint, Defendants state that said paragraphs are a demand for jury trial and a prayer for relief, requiring neither an admission nor a denial by Defendants; however, to the extent that said demand or prayer gives rise to the inference that such relief requested is proper, or that Plaintiff is entitled to any remedy

or relief from or against Defendants, such inference is denied. Moreover, Defendants deny that Plaintiff is entitled to a trial by jury, damages, injunctive relief, or attorneys' fees.

### THIRD DEFENSE

Defendants deny that they have violated any duty or responsibility to Plaintiff, as alleged in Plaintiff's Complaint. Defendants further deny that Plaintiff is entitled to any relief against Defendants whatsoever and states that Defendants, at all times, acted in good faith toward Plaintiff.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### FIFTH DEFENSE

The Complaint fails to state a claim against the Defendants under either the American With Disabilities Act, 20 U.S.C. § 12203 or Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(2).

### SIXTH DEFENSE

Plaintiff's claims are barred due to insufficiency of process.

### SEVENTH DEFENSE

Plaintiff's claims are barred due to insufficiency of service of process.

EIGHTH DEFENSE

Plaintiff's claims for monetary relief, or any relief in the nature of back pay, front pay, liquidated damages, prejudgment interest, benefits or otherwise, in whole or in part, are barred because Plaintiff has failed to mitigate his damages.

NINTH DEFENSE

Plaintiff's claims, in whole or in part, are barred due to the failure to exhaust administrative remedies.

TENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of sovereign, qualified, and official immunity.

ELEVENTH DEFENSE

Plaintiff has failed to state a claim for compensatory damages.

TWELFTH DEFENSE

Plaintiff has failed to state a claim for reasonable attorney's fees and costs for this action.

THIRTEENTH DEFENSE

Plaintiff's claims must fail for the reasons stated in Defendants' Motion to Dismiss Plaintiff's Complaint and, in the alternative, Motion for a More Definite Statement, filed with this Court, on October 9, 2013, and re-docketed on October 10,

2013, which is incorporated herein by reference.

### FOURTEENTH DEFENSE

Plaintiff has failed to state a claim for punitive damages under any law.

### FIFTEENTH DEFENSE

Any award of punitive damages to Plaintiff will violate the substantive and procedural safeguards guaranteed to the Defendants by the United States Constitution and the Constitution of the State of Georgia; therefore, a punitive award is barred.

### SIXTEENTH DEFENSE

Punitive damages are unavailable because Plaintiff has failed to plead facts sufficient to show that Defendants acted with malice or reckless indifference to any of Plaintiff's rights.

### SEVENTEENTH DEFENSE

Punitive damages are unavailable because Plaintiff has failed to plead facts sufficient to show that Defendants' conduct was wanton or willful.

### EIGHTEENTH DEFENSE

Punitive damages are unavailable because Defendants have made good faith efforts to ensure compliance with the laws

prohibiting deprivation of property without due process of law.

### NINETEENTH DEFENSE

Plaintiff's claims for punitive damages are barred in whole or in part because excessive punitive damages are unconstitutional under the United States and Georgia Constitutions.

### TWENTIETH DEFENSE

Some or all of the actions complained of by Plaintiff were legally privileged.

### TWENTY-FIRST DEFENSE

Defendants deny that any act or omission of Defendants caused the alleged damages claimed by Plaintiff.

### TWENTY —SECOND DEFENSE

Defendants are not liable for any of Plaintiff's claims based on employment actions in which Defendants did not directly participate, or of which they lacked knowledge.

### TWENTY-THIRD DEFENSE

Plaintiff has not satisfied all conditions precedent to bringing one or more of his claims.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims, in whole or in part, are barred due to the availability of other statutes, which provide comprehensive

remedial schemes.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and laches.

### TWENTY-SIXTH DEFENSE

Plaintiff has failed to plead one or more of the claims asserted in the Complaint with sufficient particularity.

### TWENTY —SEVENTH DEFENSE

To the extent that the Complaint purports to allege any cause of action against Defendants for personal injuries or illnesses allegedly suffered by Plaintiff, which arose out of or were caused by the performance of his duties as an employee of the Atlanta Independent School System, the Georgia Workers' Compensation statute is the exclusive remedy, and said causes of action are barred.

### TWENTY-EIGHTH DEFENSE

To the extent that the Complaint purports to allege any cause of action against Defendants for suffering, inconvenience, loss of enjoyment of life, emotional distress, physical distress, personal injuries, damage to reputation, economic losses or illnesses allegedly suffered by Plaintiff, said causes of action are barred as Plaintiff has failed to allege a proper legal basis for Defendant's liability.

## TWENTY-NINTH DEFENSE

Plaintiff's claims under the Americans With Disabilities Act, 20 U.S.C. § 12203 are barred because Plaintiff cannot establish a prima facie case.

## THIRTIETH DEFENSE

Plaintiff's claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(2) are barred because Plaintiff cannot establish a prima facie case.

## THIRTY-FIRST DEFENSE

Some or all of Plaintiff's claims are barred since the Defendants' motives are sincere and not aimed at some improper or illegitimate purpose.

## THIRTY-SECOND DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff cannot present direct or indirect evidence that Defendants acted with the requisite intent to cause any harm to Plaintiff.

## THIRTY —THIRD DEFENSE

Some or all of Plaintiff's claims are or may become barred by evidence of wrongdoing by Plaintiff.

### THIRTY-FOURTH DEFENSE

Some or all of Defendants' actions toward Plaintiff are justifiable as a business necessity.

### THIRTY-FIFTH DEFENSE

Some or all of Plaintiff's claims are barred because the employment decisions of which he complains were made for legitimate reasons.

### THIRTY-SIXTH DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff has failed to allege with particularity that any alleged deprivation of his rights occurred pursuant to an official policy, custom, or practice of Defendants.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred since Plaintiff failed to satisfy all of his administrative prerequisites.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to demonstrate a legitimate claim or entitlement under the Americans With Disabilities Act, 20 U.S.C. § 12203.

### THIRTY-NINTH DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to demonstrate a legitimate claim or entitlement under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(2).

WHEREFORE, Defendants respectfully requests the Court to:

(1) dismiss the Complaint in its entirety;

(2) enter judgment in favor of Defendants and against Plaintiff;

(3) award Defendants there reasonable attorneys' fees and other defense costs; and

(4) award such other relief as is just and proper.

Respectfully submitted, this 7th day of October, 2013.


<u>/s/Glinton R. Darien, Jr.</u>
Glinton R. Darien, Jr., Esq.
Georgia Bar No. 684676

Assistant General Counsel
Attorney for Defendants
Atlanta Independent School
System, Stephanie A. Bailey, in
her individual capacity and
Thomas W. Glanton, in his
individual capacity

Office of the General Counsel
Atlanta Public Schools – 8th Floor
130 Trinity Avenue, S.W.
Atlanta, Georgia 30303
(404) 802-2802 TELEPHONE
(404) 802-1801 FACSIMILE
gdarien@atlantapublicschools.us

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DJAVANSHIR D. GADJIEV,        )
        )
       Plaintiff,      )
        )   CIVIL ACTION NO:
v.        )   1:12-CV-2700-JEC
        )
ATLANTA INDEPENDENT SCHOOL SYSTEM, )
STEPHANIE A. BAILEY, in her   )
individual capacity and THOMAS W.  )
GLANTON, in his individual capacity)
        )
       Defendants.    )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER OF DEFENDANTS ATLANTA INDEPENDENT SCHOOL SYSTEM, STEPHANIE A. BAILEY, IN HER INDIVIDUAL CAPACITY AND THOMAS W. GLANTON, IN HIS INDIVIDUAL CAPACITY, TO COMPLAINT FOR DAMAGES has been filed electronically with the Clerk of Court, this 7th day of October, 2013, using the CM/ECF System, and that a true and correct copy of the foregoing will be provided by the Clerk of Court to the CM/ECF member named below:

Torin D. Togut, Esq.
Georgia Bar Number 713950
140 Hanarry Drive
Lawrenceville, Georgia 30046

/s/ **Glinton R. Darien, Jr.**
Glinton R. Darien, Jr., Esq.
Georgia Bar No. 684676

Attorney for Defendants

## CERTIFICATE REGARDING FONT SIZE

I hereby certify that the foregoing ANSWER OF DEFENDANTS ATLANTA INDEPENDENT SCHOOL SYSTEM, STEPHANIE A. BAILEY, IN HER INDIVIDUAL CAPACITY AND THOMAS W. GLANTON IN HIS INDIVIDUAL CAPACITY TO COMPLAINT FOR DAMAGES uses Courier New, 12 point, as approved by the Northern District of Georgia in Local Rule 5.1(C).


_/s/_ **Glinton R. Darien, Jr.**
Glinton R. Darien, Jr., Esq.
Georgia Bar No. 684676

Attorney for Defendants